EVE H. KARASIK (Cal. Bar No. 155356)
GABRIEL I. GLAZER (Cal. Bar No. 246384)
STUTMAN TREISTER & GLATT
PROFESSIONAL CORPORATION
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone: (310) 228-5600
Facsimile: (310) 228-5788

BENJAMIN P. SMITH (Cal. Bar No. 197551)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, California 94105
Telephone: (415) 442-1000
Facsimile: (415) 442-1177

MICHAEL MOLLAND (Cal. Bar No. 111830)
MOLLAND LAW
30 Fifth Street
Petaluma, CA  94952
Telephone:  (707) 202-5511
Facsimile:  (707) 202-5513
Email:  mmolland@mollandlaw.com

Attorneys for J.T. Thorpe Settlement Trust and
Thorpe Insulation Company Asbestos Settlement Trust

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>J.T. THORPE, INC.,<br><br>THORPE INSULATION COMPANY,<br><br>　　　　Debtors.<br><br>_____<br><br>J.T. THORPE SETTLEMENT TRUST<br><br>THORPE INSULATION COMPANY ASBESTOS SETTLEMENT TRUST,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>MICHAEL J. MANDELBROT and THE MANDELBROT LAW FIRM<br><br>　　　　Defendants.<br><br>_____ | Chapter 11<br><br>Case No. 02-14216-BB<br><br>Adversary Case No. 2:12-ap-02182-BB<br><br>Case No. 07-19271-BB<br><br>Adversary Case No. 2:12-ap-02183-BB<br><br>**MOTION PURSUANT TO LOCAL BANKRUPTCY RULE 5003-2(C)(1) FOR AN ORDER AUTHORIZING THE THORPE TRUSTS TO FILE UNDER SEAL THE** *MOTION OF THE THORPE TRUSTS FOR INSTRUCTIONS REGARDING (1) THE TRUSTS' AUDIT FINDINGS REGARDING MANDELBROT AND (2) THE TRUSTS' REMEDY* **AND CERTAIN EVIDENCE IN SUPPORT THEREOF**<br><br>Judge:  Honorable Sheri Bluebond |

578321v1

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE:**

The J.T. Thorpe Settlement Trust (the "J.T. Thorpe Trust") and the Thorpe Insulation Company Asbestos Settlement Trust (the "Thorpe Insulation Trust") (collectively, the "Trusts"), by and through their respective Trustees, hereby move the Court (by this "Motion") for the entry of an order pursuant to sections 105 and 107 of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5003-2(c)(1) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California (the "Local Rules"), authorizing the Trusts to file under seal an unredacted copy of the *Motion Of The Thorpe Trusts For Instructions Regarding (1) The Trusts' Audit Findings Regarding Mandelbrot And (2) The Trusts' Remedy* (the "Motion for Instructions") and the accompanying Declarations of Laura Paul, Michael Molland, Benjamin P. Smith, Sara Beth Brown, the Honorable Charles Renfrew (Ret.), Roger B. Horne, Rear Admiral, U.S. Navy (Ret.), and Richard D. Hepburn, Captain, U.S. Navy (Ret.), (collectively, the "Declarations"), and the designations of deposition testimony of Stephen M. Snyder, Michael Mandelbrot, Michael Dunning, Marilyn R.,[1] and Captain Frances Burger (Ret.) (collectively, the "Designations"), together with all exhibits filed in support thereof (collectively, the "Exhibits").[2]

This Motion is based on these moving papers, the attached Memorandum of Points and Authorities (the "Memorandum") and the record in this case. As described in more detail in the Memorandum, the relief requested in appropriate because, among other reasons, the Motion for Instructions, the Declarations, the Designations, and Exhibits include references to personal and highly sensitive medical information regarding individual claimants represented by Mandelbrot that is protected from public disclosure by section 107 of the Bankruptcy Code,

---

[1] The reference to this claimant's name has been abbreviated here due to confidentiality concerns.

[2] Certain evidence filed in support of the Motion for Instructions, including the Declarations of Stephan M. Snyder and Steven B. Sacks, the Rebuttal Report and Declaration of Peter R. Moenter, and the Designation of Deposition Testimony of Paul Elbridge Genthner, do not contain information that requires sealing and those documents have, therefore, been filed separately in the adversary proceeding.

578321v1

1  evidence that is subject to a protective order previously entered by the Court, and documents and
2  correspondence sealed in connection with prior litigation involving the parties.
3        Consistent with the Court's Judicial Variance Statement, the Trusts have filed
4  electronically redacted copies of the Motion for Instructions, Declarations, Designations, and
5  Exhibits with the Court, and have served unredacted copies of these same documents on Mr.
6  Mandelbrot, the defendant in the adversary proceeding, and counsel for the Futures
7  Representative.
8        **WHEREFORE**, the Trusts respectfully request that the Court enter an order
9  granting the Motion and authorizing the Trusts to file the Motion for Instructions, the
10 Declarations, the Designations, and all Exhibits, under seal, and granting such other and further
11 relief as may be appropriate.
12 DATED: December 3, 2013

                    Respectfully Submitted,

                    /s/ Gabriel I. Glazer
                    EVE H. KARASIK, and
                    GABRIEL I. GLAZER, Members of
                    STUTMAN, TREISTER & GLATT
                    PROFESSIONAL CORPORATION

                    BENJAMIN P. SMITH
                    MORGAN, LEWIS & BOCKIUS LLP

                    Attorneys for J.T. Thorpe Settlement Trust
                    and Thorpe Insulation Company Asbestos
                    Settlement Trust

578321v1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS[3]

**A.  General Background.**

The Trusts were formed pursuant to the plans of reorganization (together, the "Plans") confirmed by this Court in the respective bankruptcy cases of Thorpe Insulation Company [Case no. 07-bk-19271-BB] and J.T. Thorpe, Inc. [Case no. 02-bk-14216-BB].  Pursuant to the terms of the Plans, the Trusts assumed all of the respective debtor's liabilities for "Asbestos Related Claims" and were charged with evaluating and paying all such claims in accordance with certain procedures included with and approved as a part of the Plans.

Claimants with "Asbestos Related Claims" seeking compensation from the Trusts are required to submit claim forms and supporting documentation substantiating that the claimant meets various criteria for both disease and damage caused by exposure to asbestos for which the respective debtor is legally responsible.  The Trusts, in turn, are vested with authority to audit the reliability of evidence submitted in support of claims and to take certain actions to ensure that the Trusts' limited assets are distributed only to holders of valid claims.

**B.  The Trusts' Investigations of Mandelbrot.**

Michael Mandelbrot is a California attorney operating through the Mandelbrot Law Firm.  Mandelbrot has submitted thousands of claims to the Trusts on behalf of claimants Mandelbrot purports to represent, either individually or jointly with other counsel.

By late 2011, the Trusts became concerned regarding a potential pattern or practice by Mandelbrot of submitting unreliable evidence in support of individual claims.  Mandelbrot heightened the Trusts' concerns by refusing to cooperate with the Trusts in

---

[3] Terms not otherwise defined in this Memorandum have the meanings given in the preceding Motion.

4

their attempts to verify the foundation for or accuracy of certain evidence submitted by Mandelbrot in support of claims filed with the Trusts. Mandelbrot also threatened to sue the Trusts and their representatives if they pursued the investigations into Mandelbrot's conduct in submitting claims to the Trusts.

On September 19, 2012, each of the Trusts commenced an adversary proceeding against Mandelbrot and later filed amended complaints seeking a declaratory judgment that the Trusts' investigations "to determine whether the Defendants have engaged in a pattern or practice of submitting unreliable information to the [Trusts] is authorized by law and appropriate under the circumstances," and to impose certain equitable remedies to recover any amounts improperly received by Mandelbrot as a result of Mandelbrot's submission of unreliable information to the Trusts. J. T Thorpe Trust Amended Complaint, [Docket No. 18]; Thorpe Insulation Trust Amended Complaint [Docket No.18]. The adversary proceedings have been consolidated for procedural purposes and are currently pending before this Court under case number 2:12-ap-02182-BB (together, the "Adversary Proceedings").

**1.    The 2004 Litigation.**

Beginning in early 2012, the J. T Thorpe Trust sought to examine certain claimants represented by Mandelbrot under Bankruptcy Rule 2004 in connection with its investigation. Since the Rule 2004 applications revealed the names and other sensitive information pertaining to the health of individuals purportedly suffering from asbestos diseases, the J. T Thorpe Trust sought, and this Court ordered, that all filings relevant to the dispute be filed under seal. *See* Order on Application for Order Sealing Application for Examination Pursuant to Bankruptcy Rule 2004, dated February 16, 2012 [Case No. 02-14216-BB, Docket No. 1641]. Subsequent pleadings filed in connection with the 2004 application were also filed under seal.

Mandelbrot subsequently appealed to the District Court this Court's order allowing the J. T Thorpe Trust to examine certain claimants under Rule 2004. Upon the joint request of the parties, again due to the sensitive nature of the information involved, the District Court ordered that the entire docket on appeal be sealed.

5

578321v1

Certain Declarations, Designations, and Exhibits filed in support of the Motion for Instructions reference and/or attach copies of documents and correspondence filed or obtained in connection with the 2004 litigation. Just as this information was originally subject to the sealing orders of this Court and the District Court due to its sensitive nature, it must be filed under seal at this time.

**2.    The Protective Order.**

On March 22, 2013, the Trusts and Mandelbrot entered into and filed with the Court in the Adversary Proceedings a "Stipulation To Entry Of Protective Order" [Adv. Case No. 2:12-ap-02182-BB, Docket No. 88] (the "Protective Order Stipulation"). On March 26, 2013, the Court entered its Order approving the Protective Order Stipulation [Adv. Case No. 2:12-ap-02182-BB, Docket No. 90] (the "Protective Order"). The Protective Order Stipulation approved by the Court permitted the Trusts and Mandelbrot to designate certain information produced in discovery in the Adversary Proceedings as confidential.

Of particular relevance to this Motion, section 5.2(b) of the Protective Order Stipulation permits a party to identify testimony given in a deposition as being protected and confidential. Moreover, section 2.2 of the Protective Order Stipulation provides that certain information regarding claims submitted to the Trusts "contain personal identifying information of claimants, including but not limited to social security numbers, medical diagnosis information, and economic information," and identifies such information as protected information.

**3.    Protected Information Obtained Through Discovery.**

While the Adversary Proceedings were pending, the Trusts took the deposition of Michael Dunning, a former employee of Mandelbrot. Mandelbrot has designated the entirety of the transcript of that deposition (the "Dunning Transcript") as confidential and protected from dissemination under the Protective Order. In accordance with the Protective Order, the Trusts' references in the publicly-filed Motion for Instructions to Mr. Dunning's deposition have been redacted.

In addition to including excerpts of the Dunning Transcript, the Declarations, Designations, and Exhibits contain a significant amount of materials that are subject to the

1  Protective Order because they contain copies of and/or references to individual claimants'

2  personal information, medical diagnoses, and other information that can not be disseminated

3  publicly. The Declarations, Designations, and Exhibits must, therefore, also be filed under seal.

4  **C.    The Motion for Instructions.**

5        As set forth more fully in the Motion for Instructions, the Trusts seek the entry of

6  an order determining, among other things, that the Trusts' determinations with respect to

7  Mandelbrot's claim filing practices are reasonable and that the remedy imposed by the Trusts on

8  Mandelbrot is authorized under the Trusts' operating documents. The Trusts have filed multiple

9  Declarations, Designations, and Exhibits in support of the Motion for Instructions, including

10  substantial evidence to support the determinations detailed in the Motion for Instructions. As

11  indicated above, the Motion for Instructions, itself, and the evidence filed in support thereof,

12  includes references to certain personal identifying information of claimants, evidence that is

13  subject to the Protective Order, and documents and correspondence filed or obtained in

14  connection with the 2004 litigation, none of which can or should be disseminated publicly.

15  **D.    The Trial Procedures Order.**

16        On October 2, 2013, the Court entered its "Order Setting Trial Date And

17  Establishing Procedures For Conduct Of Court Trial" (the "Procedures Order") in the

18  Adversary Proceedings. [Adv. Case No. 2:12-ap-02182-BB, Docket No. 140].

19  Paragraph C.1. of the Procedures Order established a deadline of December 3, 2013 for

20  the Trusts to file this Motion, requesting an order to seal the Motion for Instructions and

21  the Declarations, Designations, and Exhibits filed in support thereof.

22  <div align="center">**II.**</div>

23  <div align="center">**ARGUMENT**</div>

24        Bankruptcy Code section 107(b) and Bankruptcy Rule 9018 protect parties from

25  public disclosure of confidential information by providing a mechanism for filing under seal

26  such confidential information with the Court. Bankruptcy Code section 107(b) provides in

27  relevant part, "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity

28  with respect to a trade secret or confidential research, development, or commercial information

578321v1

1  . . . .; or . . . with respect to scandalous or defamatory matter. . . ."  11 U.S.C. § 107(b).  Section

2  107(c) also protects from public disclosure, "[a]ny means of identification (as defined in section

3  1028 (d) of title 18),"[4] where "the court finds that disclosure of such information would create

4  undue risk of identity theft or other unlawful injury to the individual or the individual's

5  property."  11 U.S.C. § 107(c)(1).

6          Bankruptcy Rule 9018 further provides, "[o]n motion … with or without notice,

7  the court may make any order which justice requires . . . to protect the estate or any entity in

8  respect of a trade secret or other confidential research, development, or commercial information

9  . . . ."  Fed. R. Bankr. P. 9018.

10          A party requesting to file under seal pleadings and documents that are confidential

11  in nature need not show good cause for such request, *see In re Handy Andy Improvement Ctrs.,*

12  *Inc.*, 199 B.R. 376, 381-82 (Bankr. N.D. Ill. 1996), and a bankruptcy court does not have

13  discretion to deny the request.  *See Father M. v. Various Tort Claimants (In re Roman Catholic*

14  *Archbishop)*, 661 F.3d 417, 430 (9th Cir. 2011) ("§ 107 eliminates a court's discretion by making

15  it mandatory for a court to protect documents falling into one of the enumerated exceptions [of

16  11 U.S.C. § 107(b)]").  In addition, Bankruptcy Code section 105(a) provides that the Court

17  "may issue any order, process, or judgment that is necessary or appropriate to carry out the

18  provisions of this title."  11 U.S.C. § 105(a).

19          The Motion for Instructions, the Declarations, Designations, and Exhibits include

20  references to personal identifying information of claimants, evidence that is subject to the

21  Protective Order, and documents and correspondence filed or obtained in connection with the

22  2004 litigation.  In addition to being protected by prior orders of the Court, this information is

23  independently protected from public disclosure by section 107 of the Bankruptcy Code, because

24  it includes substantial amounts of personal and highly sensitive medical information regarding

25  individual claimants represented by Mandelbrot.

26

---

[4]  18 U.S.C. § 1028(d) defines the term "means of identification" as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual."

8

1  For these reasons, this Motion should be approved and the Trusts should be permitted to file an unredacted version of the Motion for Instructions, the Declarations, Designations, and Exhibits, under seal.  Because the information contained in the Motion for Instructions is not protected as to Mandelbrot, however, complete and unredacted copies of this Motion and the Motion for Instructions, together with all supporting Declarations, Designations, and Exhibits, have been served on Mandelbrot.  As a result, sealing this information will not prejudice any party to this action.

The Trusts have complied with the Court's Judicial Variance Statement for LBR 5003-2(c) by filing electronically, together with this Motion, an Appendix that includes the documents to be sealed in redacted form.  The Trusts have served Mr. Mandelbrot and counsel for the Futures Representative with unredacted copies of all of these documents.  Accordingly, all parties in interest in the Adversary Proceedings have been served with unredacted copies of all of the pleadings that the Trusts seek to seal.  If the Court grants this Motion, the Trusts will submit to the Court unredacted copies of all documents referenced herein.

*/////////////*

*/////////////*

*/////////////*

*/////////////*

*/////////////*

*/////////////*

*/////////////*

*/////////////*

*/////////////*

*/////////////*

*/////////////*

*/////////////*

*/////////////*

578321v1


# III.

# CONCLUSION

**WHEREFORE,** the Trusts respectfully request that the Court enter an order: (a) granting the Motion and authorizing the Trusts to file an unredacted copy of the Motion for Instructions, the Declarations, Designations, and the Exhibits under seal; and (b) granting such other and further relief as may be appropriate.

DATED: December 3, 2013

                                         Respectfully Submitted,

/s/ Gabriel I. Glazer
EVE H. KARASIK, and
GABRIEL I. GLAZER, Members of
STUTMAN, TREISTER & GLATT
PROFESSIONAL CORPORATION

BENJAMIN P. SMITH
MORGAN, LEWIS & BOCKIUS LLP
Attorneys for J.T. Thorpe Settlement Trust
and Thorpe Insulation Company Asbestos
Settlement Trust

578321v1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  1901 Avenue of the Stars, 12th Floor, Los Angeles, CA 90067.

A true and correct copy of the foregoing document entitled: **MOTION PURSUANT TO LOCAL BANKRUPTCY RULE 5003-2(C)(1) FOR AN ORDER AUTHORIZING THE THORPE TRUSTS TO FILE UNDER SEAL THE *MOTION OF THE THORPE TRUSTS FOR INSTRUCTIONS REGARDING (1) THE TRUSTS' AUDIT FINDINGS REGARDING MANDELBROT AND (2) THE TRUSTS' REMEDY* AND CERTAIN EVIDENCE IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 3, 2013**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Dennis D Davis on behalf of Defendant The Mandelbrot Law Firm
mvelasquez@gsdllaw.com

Dennis D Davis on behalf of Defendant Michael J. Mandelbrot
mvelasquez@gsdllaw.com

Gary S Fergus on behalf of 3rd Party Plaintiff Charles B Renfrew
gfergus@erguslegal.com

Gary S Fergus on behalf of Interested Party Charles B Renfrew
gfergus@erguslegal.com

Gabriel I Glazer on behalf of Plaintiff J.T. Thorpe Settlement Trust
gglazer@stutman.com

Gabriel I Glazer on behalf of Plaintiff Thorpe Insulation Company Asbestos Settlement Trust
gglazer@stutman.com

Gabriel I Glazer on behalf of Plaintiff Thorpe Insulation Company Asbestos Settlement Trust
gglazer@stutman.com

Gregory K Jones on behalf of Plaintiff J.T. Thorpe Settlement Trust
gjones@stutman.com

Gregory K Jones on behalf of Plaintiff Thorpe Insulation Company Asbestos Settlement Trust
gjones@stutman.com

Merle Meyers on behalf of Defendant The Mandelbrot Law Firm
mmeyers@mlg-pc.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**
578321v1

Merle Meyers on behalf of Defendant Michael J. Mandelbrot
mmeyers@mlg-pc.com

Marcy Railsback on behalf of Witness Barbara Malm
marcy@bovinorailsback.com, marcyrailsback@hotmail.com

Marcy Railsback on behalf of Witness Laura Paul
marcy@bovinorailsback.com, marcyrailsback@hotmail.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov


2.  **SERVED BY UNITED STATES MAIL**:  On _____**,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

3.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **December 3, 2013**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.


**VIA FEDERAL EXPRESS:**

| | |
|---|---|
| Honorable Sheri Bluebond | Dennis D. Davis |
| United States Bankruptcy Court | Goldberg, Stinnett, Davis & Linchey |
| 255 E Temple St., #1482 | 44 Montgomery Street |
| Los Angeles, CA  90012 | Suite 850 |
| | San Francisco, CA  94104 |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 3, 2013 | Therese A. Barron | /s/ Therese A. Barron |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

578321v1