| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| EVE H. KARASIK (Cal. Bar No. 155356)<br>GABRIEL I. GLAZER (Cal. Bar No. 246384)<br>STUTMAN TREISTER & GLATT<br>PROFESSIONAL CORPORATION<br>1901 Avenue of the Stars, 12th Floor<br>Los Angeles, California 90067<br>Telephone: (310) 228-5600<br>Facsimile: (310) 228-5788<br><br>BENJAMIN P. SMITH (Cal. Bar No. 197551)<br>MORGAN, LEWIS & BOCKIUS LLP<br>One Market, Spear Street Tower<br>San Francisco, California 94105<br>Telephone: (415) 442-1000<br>Facsimile: (415) 442-1177 | |

☐ Individual appearing without attorney
☒ Attorney for J.T. Thorpe Settlement Trust and Thorpe Insulation Company Asbestos Settlement Trust

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| In re:<br><br>J.T. THORPE, INC.,<br>THORPE INSULATION COMPANY,<br><br>Debtor(s). | CASE NOS.: 02-14216-BB, 07-19271-BB<br>CHAPTER: 11<br>ADVERSARY NOS.: 12-02182-BB, 12-02183-BB |
|---|---|
| J.T. THORPE SETTLEMENT TRUST<br>THORPE INSULATION COMPANY ASBESTOS<br>SETTLEMENT TRUST<br><br>Plaintiff(s),<br><br>vs.<br><br>MICHAEL J. MANDELBROT and<br>THE MANDELBROT LAW FIRM<br><br>Defendant. | **NOTICE OF LODGMENT OF: (1) [PROPOSED] ORDER FOLLOWING TRIAL ON ADVERSARY COMPLAINTS AND MOTION FOR INSTRUCTIONS; (2) [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW; and (3) [PROPOSED] JUDGMENT IN ADVERSARY PROCEEDINGS** |

PLEASE TAKE NOTICE that the orders or judgments titled **(1) [PROPOSED] ORDER FOLLOWING TRIAL ON ADVERSARY COMPLAINTS AND MOTION FOR INSTRUCTIONS; (2) [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW; and (3) [PROPOSED] JUDGMENT IN ADVERSARY PROCEEDINGS** were lodged on January 11, 2014 and are attached hereto as Exhibits "A," "B," and "C," respectively. These orders relate to the amended complaint which is docket number 18 in each of the above-captioned adversary proceedings.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# EXHIBIT A

1   EVE H. KARASIK (Cal. Bar No. 155356)
    GABRIEL I. GLAZER (Cal. Bar No. 246384)
2   STUTMAN TREISTER & GLATT
    PROFESSIONAL CORPORATION
3   1901 Avenue of the Stars, 12th Floor
    Los Angeles, California 90067
4   Telephone: (310) 228-5600
    Facsimile: (310) 228-5788
5
    BENJAMIN P. SMITH (Cal. Bar No. 197551)
6   MATTHEW J. POOLE (Cal. Bar No. 259413)
    MORGAN, LEWIS & BOCKIUS LLP
7   One Market
    Spear Street Tower
8   San Francisco, California 94105
    Telephone: (415) 442-1000
9   Facsimile: (415) 442-1001

10  Attorneys for the J.T. Thorpe Settlement Trust and Thorpe Insulation Company
    Asbestos Settlement Trust
11

12              UNITED STATES BANKRUPTCY COURT
                 CENTRAL DISTRICT OF CALIFORNIA
13                    LOS ANGELES DIVISION

14

15  In re                              )   Chapter 11
                                       )
16  J.T. THORPE, INC.,                 )   Case No. 02-14216-BB
                                       )
17  THORPE INSULATION COMPANY,         )   Adversary Case No. 2:12-ap-02182-BB
                                       )
18           Debtors                   )   Case No. 07-19271-BB
                                       )
19  _____   )   Adversary Case No. 2:12-ap-02183-BB
                                       )
20  J.T. THORPE SETTLEMENT TRUST,      )   [PROPOSED] ORDER FOLLOWING
                                       )   TRIAL ON ADVERSARY COMPLAINTS
21  THORPE INSULATION COMPANY          )   AND MOTION FOR INSTRUCTIONS
    ASBESTOS SETTLEMENT TRUST,         )
22                                     )   Trial Schedule
             Plaintiffs,               )
23                                     )   Date:  January 21-23, 2014
        vs.                            )   Time:  10:00 a.m.
24                                     )   Place: Courtroom 1475
    MICHAEL J. MANDELBROT and THE      )          255 E. Temple St., 14th Floor
25  MANDELBROT LAW FIRM,               )          Los Angeles, CA 90012
                                       )   Judge:  Honorable Sheri Bluebond
26           Defendants.               )
                                       )
27  _____

28
                                           [PROPOSED] ORDER FOLLOWING TRIAL

1    From January 21, 2014 to January 23, 2014, this Court held a trial in the above-captioned

2   adversary proceedings on the complaints filed by the J.T. Thorpe Settlement Trust (the "J.T.

3   Thorpe Trust") and the Thorpe Insulation Company Asbestos Settlement Trust (the "Thorpe

4   Insulation Trust") (collectively the "Thorpe Trusts") against Michael J. Mandelbrot and the

5   Mandelbrot Law Firm (collectively "Mandelbrot"), as well as the Thorpe Trusts' Motion for

6   Instructions Regarding (1) The Trusts' Audit Findings Regarding Mandelbrot and (2) The Trusts'

7   Remedy ("Motion for Instructions").[1]

8    The Court, having considered the evidence submitted prior to and during the trial; the

9   Thorpe Trusts' Motion for Instructions; Mandelbrot's objections thereto, submitted prior to and

10   during the trial; the stipulation and agreement (the "Agreement") by and among Mandelbrot, the

11   Thorpe Trusts, the Western Asbestos Settlement Trust (individually referred to as the "Western

12   Trust") and the Plant Insulation Company Asbestos Settlement Trust doing business as the Plant

13   Asbestos Settlement Trust (individually referred to as the "Plant Trust"), that was stated on the

14   record on January 23, 2014; the Thorpe Trusts' governing documents that were previously

15   approved by this Court, including each of the Thorpe Trusts' Trust Distribution Procedures and

16   Claims Valuations Matrices, as amended; as well as the arguments of counsel and other pleadings

17   of record, and based on the Court's Findings of Fact and Conclusions of Law, which are

18   incorporated herein by reference, including the terms of the Agreement reached by the parties

19   described therein; and due and proper notice of the Motion for Instructions and the matters raised

20   at trial having been given; and it appearing that sufficient cause exists for granting the relief sought

21   in the Motion for Instructions and the Agreement; hereby ORDERS and instructs the Thorpe

22   Trusts as follows:

23    (1)    The Motion for Instructions is GRANTED in accordance with the terms of this

24   Order.

25

26   _____

27   [1]   The Motion for Instructions was filed under seal pursuant to an order entered by this Court
      dated January 13, 2014. [Adv. Docket No. 182].

28

1        [PROPOSED] ORDER FOLLOWING TRIAL

579802v1

(2)    All objections to the Motion for Instructions not previously withdrawn or resolved are OVERRULED.

(3)    The Court has jurisdiction to approve, and hereby approves, the Agreement reached in open court on January 23, 2014.

(4)    Based on the Agreement, the Court has jurisdiction to issue the orders herein regarding the Western Trust and Plant Trust, but any enforcement of the Agreement with respect to the Western Trust and Plant Trust shall be brought before the supervising U.S. Bankruptcy Court of those trusts.

(5)    The Court adopts its tentative rulings, specified in paragraph 17 of its Findings of Fact and Conclusions of Law, as its final rulings on those matters.

(6)    Effective immediately, Mandelbrot shall file no new claims with the J.T. Thorpe Trust, the Thorpe Insulation Trust, the Western Trust, or the Plant Trust.

(7)    Effective immediately, Mandelbrot shall cease all activity with respect to claims ("Pending Claims") for the J.T. Thorpe Trust, the Thorpe Insulation Trust, and the Western Trust and shall transfer each Pending Claim to an attorney who will take responsibility as if he or she were the attorney that originally filed the Pending Claim.  Any document submitted to the any of these trusts with respect to Pending Claims that bears Mandelbrot's signature shall not be considered valid by the any of the trusts.  The new attorney must substitute in full for Mandelbrot and Mandelbrot cannot serve as co-counsel of record with respect to Pending Claims.  All Pending Claims shall be withdrawn and refiled by the new attorney, but no additional filing fee will be assessed and the original date of filing will be preserved.  Effective immediately, Mandelbrot shall not receive any payments from any of these trusts for any reason.  The trusts will pay submitted claims that have valid releases bearing a post-mark of prior to and including January 23, 2014.

(8)    For all claims resolved prior to the date of this Order for which Mandelbrot has represented claimants with the J.T. Thorpe Trust, the Thorpe Insulation Trust, and the Western Trust, those claims will also be transferred to a new attorney and Mandelbrot shall not be counsel of record nor serve as co-counsel of record with respect to such claims.  For example, Mandelbrot

[PROPOSED] ORDER FOLLOWING TRIAL

579802v1

1    shall have no standing to challenge the fiduciary decisions or conduct of those trusts, with respect

2    to any rights of those claimants to future payments for the J.T. Thorpe Trust, the Thorpe Insulation

3    Trust and the Western Trust, such as decisions whether or not to change the payment percentage or

4    funds received ratio.

5        (9)    The Court finds, declares, and instructs that the J.T. Thorpe Trust's, the Thorpe

6    Insulation Trust's, and the Western Trust's determinations stated in the May 24th letter, including

7    the trusts' determinations that Mandelbrot the person and the entity are unreliable, and have

8    engaged in a pattern and practice of filing unreliable evidence in support of claims filed with the

9    J.T. Thorpe Trust and the Thorpe Insulation Trust, are reasonable in light of the evidence assessed

10   in connection with the audit.

11       (10)   The Court further finds, declares, and instructs that, with respect to the J.T. Thorpe

12   Trust, the Thorpe Insulation Trust, and the Western Trust, the conduct of all trust fiduciaries, trust

13   staff, counsel for the fiduciaries and staff, and counsel for the trusts, and the three trusts

14   themselves, in initiating, conducting and concluding the joint investigation and adversary

15   proceeding, was in every respect, reasonable, not an abuse of discretion, and was authorized and

16   appropriate.

17       (11)   The Court further finds, declares, and instructs that the remedy imposed by the J.T.

18   Thorpe Trust and the Thorpe Insulation Trust in the May 24th letter – the disallowance of all

19   further evidentiary submissions by Mandelbrot – is authorized under the Trust Distribution

20   Procedures of each trust and found reasonable in light of the trusts' audit and investigative

21   findings.

22       (12)   The Court further finds, declares, and instructs that the J.T. Thorpe Trust's, the

23   Thorpe Insulation Trust's and the Western Trust's joint investigation of Mandelbrot and the

24   determinations and the remedy imposed on Mandelbrot were reasonable and not based upon

25   improper interpretation of the terms of the three trusts' governing documents, including the Trust

26   Distribution Procedures and that the three trusts' joint investigation of Mandelbrot and the

27   determinations and the remedy imposed on Mandelbrot were and are consistent with the trusts'

28

3        [PROPOSED] ORDER FOLLOWING TRIAL

579802v1

1    fiduciary duties, conducted pursuant to a valid trust purpose, not done in bad faith, and not an

2    abuse of discretion.

3    (13)    If the J.T. Thorpe Trust and the Thorpe Insulation Trust have not received a notice

4    of substitution of counsel by July 23, 2014, for any claim submitted by Mandelbrot, then the J.T.

5    Thorpe Trust, and the Thorpe Insulation Trust are authorized by this Court to deem those claims

6    withdrawn without any further approval of this Court.  Mandelbrot agreed in the Agreement that

7    the Western Trust may also deem as withdrawn those claims filed by Mandelbrot for which the

8    Western Trust has not received a notice of substitution of counsel by July 23, 2014.  Mandelbrot

9    has agreed to and shall use best efforts to notify all claimants he represents that substitutions of

10    counsel must be filed with the J.T. Thorpe Trust, and the Thorpe Insulation Trust, and the Western

11    Trust, respectively.  By June 23, 2014, Mandelbrot shall provide the last known contact

12    information for any claimant which has not yet submitted a notice of substitution of counsel to

13    these three trusts.

14    (14)    If Mandelbrot violates any of terms set forth herein, the J.T. Thorpe Trust and the

15    Thorpe Insulation Trust shall have the right to bring such violations to the attention of this Court.

16    The Agreement provides that the Western Trust and the Plant Trust shall have the right to bring

17    such violations to the attention of their supervising bankruptcy courts.

18    (15)    The *Barton* doctrine applies to any disputes between Mandelbrot, on the one hand,

19    and any of the trust fiduciaries for the J.T. Thorpe Trust and the Thorpe Insulation Trust, on the

20    other hand, and therefore this Court has exclusive jurisdiction over any and all such disputes.  This

21    Court also concludes that the Agreement provides that the *Barton* doctrine applies to any disputes

22    between Mandelbrot, on the one hand, and any of the trust fiduciaries for the Western Trust, and

23    the Plant Trust, on the other hand, and therefore the supervising United States Bankruptcy Court

24    that appointed those trust's fiduciaries has exclusive jurisdiction over any and all such disputes.

25    (16)    The Court's Findings of Fact and Conclusions of Law, as well as the unredacted

26    May 24, 2013 letter of Mr. Stephen Snyder, will become a part of the public record.

27

28

4        [PROPOSED] ORDER FOLLOWING TRIAL

1      (17)    Each party shall bear its own costs and attorney's fees in this matter.

2      IT IS SO ORDERED.

3

PREPARED AND SUBMITTED BY:

4

STUTMAN, TREISTER & GLATT

5

/s/ Gabriel I. Glazer
GABRIEL I. GLAZER, Members of

6

STUTMAN, TREISTER & GLATT

7

PROFESSIONAL CORPORATION
Attorneys for J.T. Thorpe Settlement Trust and

8

Thorpe Insulation Company Asbestos Settlement Trust

9

###

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT B

EVE H. KARASIK (Cal. Bar No. 155356)
GABRIEL I. GLAZER (Cal. Bar No. 246384)
STUTMAN TREISTER & GLATT
PROFESSIONAL CORPORATION
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone: (310) 228-5600
Facsimile: (310) 228-5788

BENJAMIN P. SMITH (Cal. Bar No. 197551)
MORGAN, LEWIS & BOCKIUS LLP
One Market,  Spear Street Tower
San Francisco, California 94105
Telephone: (415) 442-1000
Facsimile: (415) 442-1177

Attorneys for J.T. Thorpe Settlement Trust and
Thorpe Insulation Company Asbestos Settlement Trust

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| J.T. THORPE, INC., | ) | Case No. 02-14216-BB |
| | ) | |
| THORPE INSULATION COMPANY, | ) | Adversary Case No. 2:12-ap-02182-BB |
| | ) | |
| Debtors | ) | Case No. 07-19271-BB |
| | ) | |
| _____ | ) | Adversary Case No. 2:12-ap-02183-BB |
| | ) | |
| J.T. THORPE SETTLEMENT TRUST, | ) | **[PROPOSED] FINDINGS OF FACT AND** |
| | ) | **CONCLUSIONS OF LAW** |
| THORPE INSULATION COMPANY | ) | |
| ASBESTOS SETTLEMENT TRUST, | ) | <u>Trial Schedule</u> |
| | ) | |
| Plaintiffs, | ) | Date:  January 21-23, 2014 |
| | ) | Time:  10:00 a.m. |
| vs. | ) | Place:  Courtroom 1475 |
| | ) |      255 E. Temple St., 14th Floor |
| MICHAEL J. MANDELBROT and THE | ) |      Los Angeles, CA 90012 |
| MANDELBROT LAW FIRM, | ) | Judge:  Honorable Sheri Bluebond |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

[PROPOSED] FINDINGS OF FACT AND
CONCLUSIONS OF LAW
Case No. 02-14216-BB

DB2/ 24718353.1
579803v1

# I.   INTRODUCTION

The above-captioned adversary proceedings came before the Court for trial upon the J.T. Thorpe Settlement Trust's *First Amended Complaint for Declaratory Judgment* Case No. 2:12-ap-02182-BB [Adv. Docket No. 18], Thorpe Insulation Company Asbestos Settlement Trust's *First Amended Complaint for Declaratory Judgment and Equitable Relief* Case No. 2:12-ap-02183-BB [Adv. Docket No. 18][1] and the Notice of Motion and Motion of the Trusts for Instructions Regarding (1) The Trusts' Audit Findings Regarding Mandelbrot and (2) The Trusts' Remedy (the "Motion for Instructions").[2]  The J.T. Thorpe Settlement Trust (individually referred to as the "J.T. Thorpe Trust") and the Thorpe Insulation Company Asbestos Settlement Trust (individually referred to as the "Thorpe Insulation Trust") are referred to herein collectively as "Plaintiffs" or the "Trusts."

The case was tried before the Court on January 21, 2014 and January 22, 2014, and further trial proceedings were scheduled when the agreement and stipulation detailed herein was reached between the parties on the morning of January 23, 2014 and read into the record.  *See* January 23, 2014 Transcript of Proceedings Before the Honorable Sheri Bluebond United States Bankruptcy Judge at 3:10-16:5.

Plaintiffs appeared in person (Managing Trustee of both Trusts, Stephen M. Snyder; Executive Director of both Trusts, Sara Beth Morgan Brown; and General Counsel of both Trusts, Jeanine Donohue) and through counsel, Benjamin Smith and Matthew Poole of Morgan Lewis & Bockius LLP, Special Litigation Counsel for the Trusts; Michael E. Molland of Molland Law, Special Litigation Counsel for the Trusts; and Eve H. Karasik of Stutman Treister & Glatt, Bankruptcy Counsel for the Trusts.  The Futures Representative of both Trusts, the Honorable Charles Renfrew (Retired), an intervenor in both adversary proceedings, also appeared in person

---

[1] These proceedings were consolidated for administrative purposes under Case No. 12-ap-02182.

[2] The Motion for Instructions was filed under seal, as noted below.

[PROPOSED] FINDINGS OF FACT AND
CONCLUSIONS OF LAW
Case No. 02-14216-BB

DB2/ 24718353.1

579803v1

1  and through counsel, Gary S. Fergus of Fergus Legal. Defendants appeared in person and through

2  counsel, Dennis D. Davis of Goldberg, Stinnett, Davis & Linchey, a professional corporation.

3      Upon consideration of the evidence, good cause appearing, and in light of the agreement of

4  the parties, this Court hereby makes, pursuant to Rule 7052 of the Federal Rules of Bankruptcy

5  Procedure, incorporating by reference, Rule 52 of the Federal Rules of Civil Procedure, the

6  following Findings of Fact and Conclusions of Law.

7  **II.    FINDINGS OF FACT**

8      1.    Mr. Mandelbrot and the Mandelbrot Law Firm are referred to herein collectively as

9  "Mandelbrot" or "Defendants."

10     2.    While not parties to the above captioned action the Western Asbestos Settlement

11  Trust (individually referred to as the "Western Trust") and the Plant Insulation Company Asbestos

12  Settlement Trust doing business as the Plant Asbestos Settlement Trust (individually referred to as

13  the "Plant Trust") were present in the courtroom at trial on January 23, 2014 through the Managing

14  Trustee and were represented by counsel. The counsel for the Futures Representative for the

15  Western Trust and the Plant Trust was also present in the court room. The Western Trust, the

16  Plant Trust, and the Futures Representative for those trusts agreed to the terms of the

17  representations, agreements and stipulations insofar as they related to those trusts as set forth

18  below in paragraph 3, subject only to approval by those trusts at a meeting where the trusts could

19  act, which approval that was obtained and communicated to Mandelbrot on January 29, 2014.

20     3.    At trial on January 23, 2014, Mandelbrot, represented by counsel, and his counsel,

21  the J.T. Thorpe Trust and the Thorpe Insulation Trust, the Futures Representative of those trusts as

22  well as counsel for those trusts and the Futures Representative represented, agreed and stipulated

23  in open court on the record, subject only to approval by those trusts at a meeting where the trusts

24  could act, which approval that was obtained and communicated to Mandelbrot on January 29,

25  2014, as follows:

26

27

28

2

[PROPOSED] FINDINGS OF FACT AND
CONCLUSIONS OF LAW
Case No. 02-14216-BB

a.      Mandelbrot agreed, that as of January 23, 2014, Mandelbrot will file no new claims and that he is permanently barred from filing claims with the J.T. Thorpe Trust, the Thorpe Insulation Trust, the Western Trust and the Plant Trust.

b.      Mandelbrot agreed that as of January 23, 2014, he shall cease all activity, with respect to pending claims for the J.T. Thorpe Trust, the Thorpe Insulation Trust and the Western Trust and transfer those claims to an attorney who will take responsibility as if he or she were the attorney that originally filed the claim.   Mandelbrot agreed that this provision means that any document submitted to any of the above described trusts with respect to any such claims that bears Mandelbrot's signature shall not be considered valid by any of the trusts.  Mandelbrot agreed that the new lawyer must substitute in full for Mandelbrot and Mandelbrot cannot serve as co-counsel of record, and that pending claims will have to be withdrawn and refiled by new counsel.  The J.T. Thorpe Trust, the Thorpe Insulation Trust, and the Western Trust have agreed that no new filing fee would be required and the original date of filing would also be applied so that beneficiaries would not be disadvantaged.

c.      Mandelbrot agreed that Mandelbrot shall not receive any other payments from any of the above described trusts, for any reason, effective January 23, 2014, provided however, the J.T. Thorpe Trust, the Thorpe Insulation Trust and the Western Trust have agreed that if these trusts had valid releases in their possession as of January 23, 2014, or postmarked addressed to those trusts as of that date executed by Mandelbrot's clients, then those claims would be paid in the ordinary course through Mandelbrot.

d.      Mandelbrot agreed that for past claims where Mandelbrot has represented claimants before the J.T. Thorpe Trust, the Thorpe Insulation Trust, and the Western Trust, those claims will also be transferred to a new attorney and Mandelbrot shall not be counsel of record for those claims.  Mandelbrot agreed that Mandelbrot shall have no standing to challenge the fiduciary decisions or conduct of those trusts, with respect to any rights of those claimants to future payments for the J.T. Thorpe Trust, the Thorpe Insulation Trust and the Western Trust, such as decisions whether or not to change the payment percentage or funds received ratio.

[PROPOSED] FINDINGS OF FACT AND
CONCLUSIONS OF LAW
Case No. 02-14216-BB

1    e.    Mandelbrot agreed that as of January 23, 2014, Mandelbrot withdrew the

2    opposition to the Motion for Instructions and joined the Motion for Instructions and agreed that the

3    Court should find that with respect to the J.T. Thorpe Trust, The Thorpe Insulation Trust and the

4    Western Trust, the conduct of all trust fiduciaries, trust staff, counsel for the fiduciaries and staff,

5    and counsel for the trusts, and the three trusts themselves, in initiating, conducting and concluding

6    the investigation and adversary proceeding, was in every respect,  reasonable, not an abuse of

7    discretion, and were authorized and appropriate.

8    f.    Mandelbrot and the J.T. Thorpe Trust and the Thorpe Insulation Trust agreed that

9    the Parties would jointly request that this Court enter findings of fact and conclusions of law as

10    described herein; that they, together with the accompanying order of the court would be part of the

11    public record and that the May 24th, 2013 letter from the J.T. Thorpe Trust, the Thorpe Insulation

12    Trust and the Western Trust to Mandelbrot, Trial Exhibit 227, ("May 24th Letter"), without

13    redaction, would be a public record and part of the findings of fact and conclusions of law.

14    g.    Mandelbrot agreed that the J.T. Thorpe Trust's, the Thorpe Insulation Trust's and

15    the Western Trust's determinations stated in the May 24th letter, including the determination by all

16    three trusts that Mandelbrot, the person and the firm, are unreliable and with respect to the J.T.

17    Thorpe Trust and Thorpe Insulation Trusts specifically , have engaged in a pattern and practice of

18    filing unreliable evidence and support claims filed with those two trusts, are reasonable in light of

19    the evidence assessed in connection with the audit.

20    h.    Mandelbrot agreed that the remedy imposed by the J.T. Thorpe Trust and the

21    Thorpe Insulation Trust in the May 24th letter providing for the disallowance of all further

22    evidentiary submissions by Mandelbrot is authorized under the Trust Distribution Procedures of

23    each trust, and is reasonable in light of the Trusts' audit and investigative findings.

24    i.    Mandelbrot agreed that the investigation of Mandelbrot - by the J.T. Thorpe Trust,

25    the Thorpe Insulation Trust and the Western Trust - and the determinations and the remedy

26    imposed were reasonable, not based upon improper interpretations of the terms of the three trusts,

27

28                                          4                    [PROPOSED] FINDINGS OF FACT AND
                                                                    CONCLUSIONS OF LAW
                                                                    Case No. 02-14216-BB

1    were and are consistent with the trusts' fiduciary duties, were conducted pursuant to a valid trust

2    purpose, were not done in bad faith and were not an abuse of discretion.

3            j.      Mandelbrot agreed that if the J.T. Thorpe Trust, the Thorpe Insulation Trust, and

4    the Western Trust have not received a substitution of counsel within six months, these trusts are

5    authorized by this Court to deem those claims withdrawn without any further approval of the

6    Court.  Mandelbrot agreed to use his best efforts to notify all claimants he represents that

7    substitutions of counsel must be filed with the J.T. Thorpe Trust, the Thorpe Insulation Trust and

8    the Western Trust.  Mandelbrot agreed to provide the J.T. Thorpe Trust, the Thorpe Insulation

9    Trust and the Western Trust the last known address for all claimants where no substitution of

10    counsel has been provided.

11            k.      Mandelbrot agreed that if Mandelbrot violates any of the terms set forth on the

12    record, the J.T. Thorpe Trust and the Thorpe Insulation Trust shall have the right to bring such

13    violations to the attention of this Court and that the Western Trust and the Plant Trust shall have

14    the right to bring such violations to the attention of their supervising bankruptcy courts and seek

15    relief.  Mandelbrot agreed that the doctrine set forth in *Barton v. Barbour*, 104 U.S. 126, 127,

16    (1881), (the "Barton Doctrine")  applies to any dispute between the four trusts and Mandelbrot,

17    and the only appropriate jurisdiction is the supervising bankruptcy court that appointed the trust

18    fiduciaries for each particular trust.

19            l.      Mandelbrot represented that Mandelbrot understood and agreed that the order,

20    findings of fact, and conclusions of law, will be part of the public record, as will the May 24th

21    letter, unredacted.

22            m.      Mandelbrot agreed and the J.T. Thorpe Trust and the Thorpe Insulation Trust have

23    agreed that each party shall bear its own costs and attorney's fees in this matter.

24            4.      The J.T. Thorpe Trust, the Thorpe Insulation Trust and the Western Trust have

25    represented to the Court that they informed Mandelbrot on or about January 29, 2014 that each of

26    these trusts approved the stipulation and have made a determination and agreed that under all the

27

28                                                                    5

1  circumstances that it would not be in the best interests, to present and future claimants, to pursue

2  Mandelbrot for economic damages related to claims filed by Mandelbrot with these three trusts.

3        5.      The J.T. Thorpe Trust and the Thorpe Insulation Trust have represented to the

4  Court that they informed Mandelbrot on or about January 29, 2014 that each of these Trusts

5  agreed, subject to a final order of this Court with respect to the Motion for Instructions, to dismiss

6  Count II of their adversary proceeding complaint for equitable relief in the form of an accounting,

7  constructive trust, and/or restitution against Mandelbrot.  The Western Trust represented to the

8  Court that it informed Mandelbrot on or about January 29, 2014 that it has agreed, subject to a

9  final order of this Court with respect to the Motion for Instructions, to file a dismissal with

10  prejudice of Count II of its adversary proceeding complaint against Mandelbrot that has already

11  been dismissed without prejudice.

12        6.      The Western Trust administers pursuant to contract the claims for the J.T. Thorpe

13  Trust, the Thorpe Insulation Trust and the Plant Trust.

14        7.      On or about September 2011, and pursuant to Section 5.7(a) of their respective

15  Trust Distribution Procedures ("TDPs"), approved by the J.T. Thorpe Confirmation Order and the

16  Thorpe Insulation Confirmation Order, respectively, the J.T. Thorpe Trust, the Thorpe Insulation

17  Trust and the Western Trust initiated audits of Mandelbrot and claims submitted by Mandelbrot

18  against the Trusts.  Mandelbrot was advised of these audits on or about December 5, 2011.  Events

19  and details regarding these audits are contained in the Court's record and were admitted into

20  evidence during the trial.

21        8.      Plaintiffs commenced these adversary proceedings by filing complaints on

22  September 19, 2012 [Adv. Dockets Nos. 1].  Plaintiffs' original complaints sought a declaratory

23  judgment against Mandelbrot that the audits initiated by the trusts regarding Mandelbrot were

24  authorized by law and appropriate under the circumstances.

25        9.      On October 24, 2012, the J.T. Thorpe Trust filed its *First Amended Complaint for*

26  *Declaratory Judgment* Case No. 12-ap-02182 [Adv. Docket No. 18] and the Thorpe Insulation

27  Trust filed its *First Amended Complaint for Declaratory Judgment and Equitable Relief* Case No.

28                                    6       [PROPOSED] FINDINGS OF FACT AND
CONCLUSIONS OF LAW
Case No. 02-14216-BB

1    12-ap-02183 [Adv. Docket No. 18].  Plaintiffs' First Amended Complaints sought the same

2    declaratory relief as that contained in the original complaints (Count I), as well as equitable relief

3    (Count II) against Mandelbrot.  Through Count II, the Trusts requested that, to the extent the audits

4    performed by the Trusts revealed improper payments made to Mandelbrot, equitable relief in the

5    form of a constructive trust, accounting, and/or restitution be allowed.

6         10.     On January 31, 2013, Defendants filed answers to the First Amended Complaints.

7    [Adv. Docket No. 76].   On February 1, 2013, Defendants filed a First Amended Answer to the

8    Complaint of the Thorpe Insulation Trust. [Adv. Docket No. 77].  In their answers, Defendants

9    asserted as affirmative defenses (1) unclean hands, (2) accord and satisfaction, (3) failure to

10   mitigate damages, (4) waiver and estoppel, (5) statute of limitations, (6) laches, and (7) failure to

11   name indispensable parties.  Mandelbrot alleged, among other things, that the Trusts: (1) failed to

12   treat Mandelbrot clients equally with all other claimants; (2) created unique barriers to Mandelbrot

13   clients; and (3) conspired with other competing claimants counsel to treat Mandelbrot clients

14   unfairly and punish them for complaints made by Mandelbrot concerning improprieties of Trust

15   personnel and Trust fiduciaries.  The defenses asserted by Mandelbrot, and the evidence

16   introduced by all the parties at trial, included contentions, argument, and evidence  relating to the

17   activities of all four trusts, which share common trustees, futures representatives, claims handling

18   and accounting resources, and staff support.

19        11.     On or about May 24, 2013, the Managing Trustee of both Trusts, Stephen M.

20   Snyder, wrote a letter to Mandelbrot advising Mandelbrot of the Trusts' audit findings and

21   conclusions.  A copy of this letter, which was marked as **Trial Exhibit 227**, is attached hereto.

22   The May 24th letter notified Mandelbrot of the following findings and conclusions, among others:

23   (1) "Mandelbrot (i.e., the firm and its principal) each are unreliable under the 'person' or 'entity'

24   requirement of section 5.7(a);" and (2) "Mandelbrot has submitted unreliable evidence to each of

25   the Trusts[3] and, with regard to the J.T. Thorpe Trust and Thorpe Insulation Trust specifically, has

---

[3] The term "Trusts," as used in the May 24th letter, includes both Trusts as well as the Western
Trust.  The Western Trust also conducted an audit of Mandelbrot under section 5.7(a) of its TDP

7

[PROPOSED] FINDINGS OF FACT AND
CONCLUSIONS OF LAW
Case No. 02-14216-BB

DB2/ 24718353.1

579803v1

1    done so in a pattern revealed by the practices that have been the focus of this investigation.  The

2    pattern revealed by the investigation has been exacerbated by a lack of cooperation with the

3    Trusts' audit efforts."

4         12.      The Trusts' filed an initial Motion for Instructions with respect to their audit of

5    Mandelbrot in August 2013 [Adv. Docket No. 132].  Thereafter the court set this matter for an

6    evidentiary hearing in this Court's October 2, 2013 Order Setting Trial Date and Establishing

7    Procedures for Conduct of Court Trial (the "Scheduling Order") [Adv. Docket No. 140], the Trusts

8    presented the testimony of all of their witnesses through declarations of said witnesses by

9    December 3, 2013.  In connection with the Trusts' December 3, 2013, submissions, this Court

10   considered the following pleadings, testimony and exhibits:[4]

11         a.   The Trusts' Motion for Instructions Regarding (1) the Trusts' Audit Findings
              Regarding Michael J. Mandelbrot and the Mandelbrot Law Firm, and (2) the Trusts'
12            Remedy

13         b.   Declaration of Laura Paul – Exhibits 1-62[5]

14         c.   Declaration of Michael Molland – Exhibits 63-135

15         d.   Declaration of Benjamin P. Smith – Exhibits 136-162

16         e.   Declaration of Sara Beth Brown – Exhibits 163-178

17         f.   Declaration of Hon. Charles Renfrew (Ret.) – No Exhibits

18         g.   Declaration of Steven B. Sacks – No Exhibits

19         h.   Expert Report and Declaration of Roger B. Horne Jr. RADM USN (Ret.) with
20            Exhibits 1-7 to report attached.

21         i.   Expert Report and Declaration of Richard D. Hepburn, Captain, U.S. Navy, (Ret.)
              with Exhibits A-D to report attached.

22

23   and initiated an adversary proceeding against Mandelbrot in the Northern District, Adversary Case
24   No. 12-04190.

25   [4] The bulk of the Trusts' evidence was submitted under seal pursuant to an order entered by this
     Court dated January 13, 2014. [Adv. Docket Nos. 152-161, 182].

26   [5] On December 12, 2013, the Trusts filed an Errata to the Declaration of Laura Paul correcting
27   Exhibit 34.  [Adv. Docket No. 163].

28                                              8                    [PROPOSED] FINDINGS OF FACT AND
                                                                    CONCLUSIONS OF LAW
                                                                    Case No. 02-14216-BB

j.   Rebuttal Report and Declaration of Peter R. Moenter – No Exhibits

k.   Designation of Deposition Testimony of Marilyn Rodi with Exhibit 3 marked at deposition.

l.   Designation of Deposition Testimony of Michael Mandelbrot with Confidential Exhibit B marked at deposition.

m.   Designation of Deposition Testimony of Michael Dunning with Exhibits 2, 4, and 6-12 marked at deposition.

n.   Designation of Deposition Testimony of Stephen Snyder – No Exhibits.

o.   Designation of Deposition Testimony of Captain Francis Burger with Exhibits 1-4 marked at deposition.

p.   Designation of Deposition Testimony of Paul Genthner with Exhibits 3 and 4 marked at deposition.

13.   On December 17, 2013, Mandelbrot submitted the following pleadings, testimony and exhibits for consideration by this Court:[6]

a.   Trial Declaration of Michael J. Mandelbrot – Exhibits A-Z[7]

b.   Mandelbrot's Opposition to the Trusts' Motion for Instructions Regarding (1) the Trusts' Audit Findings Regarding Michael J. Mandelbrot and the Mandelbrot Law Firm, and (2) the Trusts' Remedy (the "Opposition")

c.   Designation of Deposition Testimony of Whitney Lauren

d.   Designation of Deposition Testimony of Barbara Malm Wilson

e.   Report and Declaration of Captain Francis Burner, USN (Ret.)

f.   Affidavit of Paul Eldbridge Genthner

As of January 23, 2014, Mandelbrot withdrew Mandelbrot's Opposition by agreement and stipulation on the record.

14.   On January 7, 2014, the Trusts submitted the following pleadings, testimony and exhibits for consideration by this Court:[8]

_____

[6] [Adv. Docket Nos. 168-173].

[7] The Court sustained the Trust's Evidentiary Objections filed on January 7, 2014 striking Exhibit Y to the Trial Declaration of Michael J. Mandelbrot.

[8] [Adv. Docket Nos. 174-175].

[PROPOSED] FINDINGS OF FACT AND
CONCLUSIONS OF LAW
Case No. 02-14216-BB

a.  Reply Brief Re: Motion for the Trusts for Instructions Regarding (1) The Trusts' Audit Findings Regarding Mandelbrot and (2) The Trusts' Remedy

b.  Further Designation of Deposition Testimony of Michael Dunning

c.  Designation of Deposition Testimony of Whitney Lauren

d.  Declaration of Laura Paul – Exhibits 179-188[9]

e.  Declaration of Benjamin P. Smith – Exhibits 189-200[10]

f.  Objections to Portions of the Trial Declaration of Michael Mandelbrot and Exhibit Y

15.  This Court also considered the live testimony of the following witnesses over the course of two days during the Trial:

a.  Stephen Snyder

b.  Hon. Charles Renfrew (Ret.)

c.  Steve Sacks

d.  Peter Moenter

e.  Laura Paul

f.  Sara Beth Morgan Brown

16.  During the course of the Trial, the Court admitted the following exhibits into evidence:

a.  Trusts' Trial Exhibits 1; 2[11]; 3-200; 244-245

17.  At the trial held on January 21, 2014, and prior to Mandelbrot's withdrawal of Mandelbrot's opposition, this Court issued the following tentative rulings ("Tentative Rulings"):

[9] On January 15, 2014, the Trusts filed an Errata to the Declaration of Laura Paul. [Adv. Docket No. 184].

[10] On January 14, 2014 Mandelbrot filed Objections to Plaintiffs' Reply Evidence. [Adv. Docket No. 183]. The Court deemed Mandelbrot's objections waived pursuant to Local Bankruptcy Rule 9013-1(i)(2) for failure to cite to the specific Federal Rules of Evidence upon which they rely. Thus, the Court overruled Mandelbrot's objections in their entirety.

[11] Plaintiff's Exhibit 2, the ARPC Report, was admitted at trial not for the truth of the matter asserted but for the fact that it was received by the Trusts and relied upon in initiating an audit under TDP Section 5.7(a) to investigated Mandelbrot.

1

2

     a.   <u>Ruling on Legal Issues:</u>

3

Mandelbrot cannot claim that his "due process" rights have been
violated if the trust acted in accordance with the TDP.

4

Representatives of future and existing asbestos claimants were well
- represented in the plan negotiations and drafting that produced the
TDP. If any claimants believed that the trust procedures failed to

5

provide them with due process, they had the opportunity to raise
these objections during the course of the plan confirmation process.

6

The Court ultimately confirmed the plan and approved the related
trust procedures. All appeals related thereto have been resolved. The

7

plan is therefore enforceable in accordance with its terms, which
terms include the TDP. Thus, the only issue is whether the trusts

8

have acted in accordance with the TDP. Stated differently, the trusts
seek a finding that, in exercising rights under section 5.7(a) of the

9

TDP, their actions were reasonable and appropriate and not the result
of, or motivated by, bad faith or other improper motive or an abuse

10

of discretion. "Due process" does not impose any additional
requirements above and beyond those necessary to comply with the

11

procedures outlined in the TDP, regardless of the impact that this
may have on defendant's business, which apparently consists

12

entirely of submitting claims to asbestos trusts. Activities of the trust
cannot be described as government action subject to due process

13

requirements.

14

                               *      *      *

15

The trusts' investigation and audit continued over the course of an
extended period, throughout which there were numerous

16

communications between the parties as to the nature of the trusts'
concerns and the types of claims that the trusts considered the most

17

problematic. See, for example, Exhibit A to the First Amended
Complaint, which is a letter to Mandelbrot dated September 19, 2012

18

and refers to meetings and discussions that had already occurred
between the parties prior to that date.

19

20

Moreover, it is clear that the trusts are not required to arbitrate or
litigate any claim to determine its validity whenever factual issues
exist as to its validity.  Section 5.7(a) of the TDP creates a procedure

21

designed to permit the trust to investigate/audit the reliability of
evidence submitted and the reliability of individuals and entities

22

participating in the submission of claims and to bar unreliable parties
from continuing to submit claims precisely so that the trusts are not

23

required to expend exorbitant amounts litigating or arbitrating the
merits of unreliable claims. The question is merely whether the trusts

24

were reasonable in invoking these procedures in the instant case.

25

Court agrees with the trustees that it is appropriate, not only under
applicable NV statutes, but under general trust law, for a trustee to

26

apply to the court under whose auspices the trust was established for
instructions and that the appropriate standard of review for the court

27

to apply in instances in which the trustee is given the right to

28

11

DB2/ 24718353.1

579803v1

exercise its discretion is an abuse of discretion standard. (And the concept of an abuse of discretion includes taking action based on bias or improper motive or acting in bad faith. Such practices would be abuses of discretion.)

*    *    *

Exclude any evidence or argument intended to prove that plaintiffs breached a duty of care by failing to warn defendants about [John] Lynch's background or activities.

*    *    *

It seems that defendants are [c]ontending that, but for bias on plaintiffs' part, no investigation or audit of defendants' claims would have been commenced.  None of the evidence offered by defendants has any tendency to suggest that such bias existed, but, even if defendants were able to establish that plaintiffs were motivated by bias in commencing the audit/investigation, hopefully, defendants recognize that, if the claims they have submitted are fraudulent or unreliable, the fact that plaintiffs might not have found out about defendants' submission of false claims in the absence of bias would not be a defense.

b.   Rulings on Evidentiary Objections:

Trusts' Objections to Mandelbrot Trial Declaration:

Sustain objection to introduction of Exhibit Y. Defendant does not attest to the accuracy of the information contained in the exhibit and does not provide proper foundation to explain how he would have personal knowledge of the factual assertions contained in the document. Court agrees that it is not admissible as a summary under Rule 1006 or as expert testimony. There is also a best evidence rule problem with the document, in that Exhibit Y is replete with descriptions of the contents of documents that Mandelbrot claims confirm or corroborate the claimant's position. Having sustained the general objection and excluded Exhibit Y, Court need not reach specific objections to portions of Exhibit Y.

Defendants' Objection to Reply Declarations:

Pursuant to LBR 9013-1(i)(2), defendants' evidentiary objections are deemed waived as they fail to cite the specific Federal Rules of Evidence upon which they rely. Moreover, they are difficult to follow and analyze, as they do not quote the allegedly objectionable material. Overrule objections.

18.   On January 21, 2014, the Court heard oral argument from the Parties regarding the Court's Tentative Ruling.

12

[PROPOSED] FINDINGS OF FACT AND
CONCLUSIONS OF LAW
Case No. 02-14216-BB

### III.    CONCLUSIONS OF LAW[12]

The Court concludes, and the Trustees of the Trusts are instructed that:

1.    The Court has jurisdiction over these proceeding under 28 U.S.C. §§ 157(a) and 1334, and pursuant to the J.T. Thorpe Confirmation Order and the Thorpe Insulation Confirmation Order.

2.    This Court has jurisdiction to conclude and hereby concludes that Mandelbrot and the J.T. Thorpe Trust, the Thorpe Insulation Trust, the Western Trust and the Plant Trust entered into a stipulation and agreement on the record in open court during trial on January 23, 2014 as set forth in the above findings of fact (the "Agreement") which the Court approved in the concurrently entered order.

3.    This Court has jurisdiction to issue the orders included herein with respect to the Western Trust and the Plant Trust based upon the Agreement, provided however, any enforcement of the Agreement with respect to the Western Trust and the Plant Trust shall be brought before the supervising bankruptcy courts of those trusts.

4.    The activities of the Trusts cannot be described as government action subject to due process requirements.  Thus, Mandelbrot cannot claim that his "due process" rights have been violated if the trusts acted in accordance with their Trust Distribution Procedures.  The appropriate standard of review for the Court to apply here where the trustees are given the right to exercise their discretion is an abuse of discretion standard.

5.    Applying the foregoing standard of review and based upon the evidence presented, the above findings of fact and, as described herein, the Agreement, the Court reaches the following conclusions of law set forth in paragraphs 6 through 11 below.

6.    The Court has jurisdiction to order and it is appropriate to order the following:

---

[12] Pursuant to Bankruptcy Rule 7052, findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact, when appropriate.

[PROPOSED] FINDINGS OF FACT AND
CONCLUSIONS OF LAW
Case No. 02-14216-BB

a. Mandelbrot is permanently barred, effective immediately, from filing new claims with the J.T. Thorpe Trust, the Thorpe Insulation Trust, the Plant Trust and the Western Trust.

b. Effective immediately, Mandelbrot shall cease all activity with respect to claims ("Pending Claims") for the J.T. Thorpe Trust, the Thorpe Insulation Trust, and the Western Trust and shall transfer each Pending Claim to an attorney who will take responsibility as if he or she were the attorney that originally filed the Pending Claim. Any document submitted to the any of these trusts with respect to Pending Claims that bears Mandelbrot's signature shall not be considered valid by the any of the trusts. The new attorney must substitute in full for Mandelbrot and Mandelbrot cannot serve as co-counsel of record with respect to Pending Claims. All Pending Claims shall be withdrawn and refiled by the new attorney, but no additional filing fee will be assessed and the original date of filing will be preserved. Effective immediately, Mandelbrot shall not receive any payments from any of these trusts for any reason. The trusts will pay submitted claims that have valid releases bearing a post-mark of prior to and including January 23, 2014.

c. For all claims resolved prior to the date of this Order for which Mandelbrot has represented claimants with the J.T. Thorpe Trust, the Thorpe Insulation Trust, and the Western Trust, those claims will also be transferred to a new attorney and Mandelbrot shall not be counsel of record nor serve as co-counsel of record with respect to such claims. For example, Mandelbrot shall have no standing to challenge the fiduciary decisions or conduct of those trusts, with respect to any rights of those claimants to future payments for the J.T. Thorpe Trust, the Thorpe Insulation Trust and the Western Trust,

[PROPOSED] FINDINGS OF FACT AND
CONCLUSIONS OF LAW
Case No. 02-14216-BB

DB2/ 24718353.1

579803v1

1    such as decisions whether or not to change the payment percentage or funds

2    received ratio.

3        7.    The Court has jurisdiction to conclude, it is appropriate to conclude and the Court

4    concludes the following:

5    a.  the J.T. Thorpe Trust's, the Thorpe Insulation Trust's, the Western Trust's

6    determinations stated in the May 24th letter, including the trusts'

7    determinations that Mandelbrot the person and the entity are unreliable, and

8    have engaged in a pattern and practice of filing unreliable evidence in

9    support of claims filed with the J.T. Thorpe Trust and the Thorpe Insulation

10    Trust, are reasonable in light of the evidence assessed in connection with the

11    audit.

12    b.  Mandelbrot's Opposition to the Motion for Instructions has been withdrawn

13    and Mandelbrot has joined the Trusts' Motion for Instructions.

14    c.  With respect to the J.T. Thorpe Trust, the Thorpe Insulation Trust and the

15    Western Trust, the conduct of all trust fiduciaries, trust staff, counsel for the

16    fiduciaries and staff, and counsel for the trusts, and the three trusts

17    themselves, in initiating, conducting and concluding the joint investigation

18    and adversary proceeding, was in every respect, reasonable, not an abuse of

19    discretion, and was authorized and appropriate.

20    d.  The remedy imposed by the J.T. Thorpe Trust and the Thorpe Insulation

21    Trust in the May 24th letter – the disallowance of all further evidentiary

22    submissions by Mandelbrot – is authorized under the Trust Distribution

23    Procedures of each trust and found reasonable in light of the trusts' audit

24    and investigative findings.

25    e.  The J.T. Thorpe Trust's, the Thorpe Insulation Trust's and the Western

26    Trust's joint investigation of Mandelbrot and the determinations and the

27    remedy imposed on Mandelbrot were reasonable and not based upon

28    

15

[PROPOSED] FINDINGS OF FACT AND
CONCLUSIONS OF LAW
Case No. 02-14216-BB

1    improper interpretation of the terms of the three trusts' governing

2    documents, including the Trust Distribution Procedures and that the three

3    trusts' joint investigation of Mandelbrot and the determinations and the

4    remedy imposed on Mandelbrot were and are consistent with the trusts'

5    fiduciary duties, conducted pursuant to a valid trust purpose, not done in bad

6    faith, and not an abuse of discretion.

7    8.    The court has jurisdiction to order and it is appropriate to order the following:

8        a.    If the J.T. Thorpe Trust and the Thorpe Insulation Trust have not received a

9        notice of substitution of counsel by July 23, 2014, for any claim submitted

10        by Mandelbrot, then the J.T. Thorpe Trust, and the Thorpe Insulation Trust

11        are authorized by this Court to deem those claims withdrawn without any

12        further approval of this Court.  Mandelbrot agreed in the Agreement that the

13        Western Trust may also deem as withdrawn those claims filed by

14        Mandelbrot for which the Western Trust has not received a notice of

15        substitution of counsel by July 23, 2014.  Mandelbrot has agreed to and

16        shall use best efforts to notify all claimants he represents that substitutions

17        of counsel must be filed with the J.T. Thorpe Trust, and the Thorpe

18        Insulation Trust, and the Western Trust, respectively.  By June 23, 2014,

19        Mandelbrot shall provide the last known contact information for any

20        claimant which has not yet submitted a notice of substitution of counsel to

21        these three trusts.

22        b.    If Mandelbrot violates any of terms set forth herein, the J.T. Thorpe Trust

23        and the Thorpe Insulation Trust shall have the right to bring such violations

24        to the attention of this Court.  The Agreement provides that the Western

25        Trust and the Plant Trust shall have the right to bring such violations to the

26        attention of their supervising bankruptcy courts.

27

28

16

[PROPOSED] FINDINGS OF FACT AND
CONCLUSIONS OF LAW
Case No. 02-14216-BB

1      9.      This Court concludes that the *Barton* doctrine applies to any disputes between

2   Mandelbrot, on the one hand, and any of the trust fiduciaries for the J.T. Thorpe Trust and the

3   Thorpe Insulation Trust, on the other hand, and therefore this Court has exclusive jurisdiction over

4   any and all such disputes.  This Court also concludes that the Agreement provides that the *Barton*

5   doctrine applies to any disputes between Mandelbrot, on the one hand, and any of the trust

6   fiduciaries for the Western Trust, and the Plant Trust, on the other hand, and therefore the

7   supervising United States Bankruptcy Court that appointed those trust's fiduciaries has exclusive

8   jurisdiction over any and all such disputes.

9      10.     These Findings of Fact and Conclusions of Law, as well as the unredacted May 24,

10   2013 letter of Mr. Stephen Snyder, will become a part of the public record.

11      11.     The court adopts its Tentative Rulings identified above in paragraph 17 of the

12   Findings of Fact as its final rulings on those matters.

13      12.     Each party shall bear its own costs and attorney's fees in this matter.

14

15   PREPARED AND SUBMITTED BY:
     STUTMAN, TREISTER & GLATT

16
     /s/ Gabriel I. Glazer
17   GABRIEL I. GLAZER, Members of
     STUTMAN, TREISTER & GLATT
18   PROFESSIONAL CORPORATION
     Attorneys for J.T. Thorpe Settlement Trust and
19   Thorpe Insulation Company Asbestos Settlement Trust

20

21                                            ###

22

23

24

25

26

27

28                                      17                [PROPOSED] FINDINGS OF FACT AND
                                                              CONCLUSIONS OF LAW
                                                              Case No. 02-14216-BB

DB2/ 24718353.1

579803v1

EXHIBIT C

1  EVE H. KARASIK (Cal. Bar No. 155356)
   GABRIEL I. GLAZER (Cal. Bar No. 246384)
2  STUTMAN TREISTER & GLATT
   PROFESSIONAL CORPORATION
3  1901 Avenue of the Stars, 12th Floor
   Los Angeles, California 90067
4  Telephone: (310) 228-5600
   Facsimile: (310) 228-5788
5
   BENJAMIN P. SMITH (Cal. Bar No. 197551)
6  MORGAN, LEWIS & BOCKIUS LLP
   One Market,  Spear Street Tower
7  San Francisco, California 94105
   Telephone: (415) 442-1000
8  Facsimile: (415) 442-1177
9
   Attorneys for J.T. Thorpe Settlement Trust and
10 Thorpe Insulation Company Asbestos Settlement Trust

11                   UNITED STATES BANKRUPTCY COURT
12                    CENTRAL DISTRICT OF CALIFORNIA
                         LOS ANGELES DIVISION
13

14 | In re | ) | Chapter 11 |
15 |  | ) |  |
   | J.T. THORPE, INC., | ) | Case No. 02-14216-BB |
16 |  | ) |  |
   | THORPE INSULATION COMPANY, | ) | Adversary Case No. 2:12-ap-02182-BB |
17 |  | ) |  |
   | Debtors | ) | Case No. 07-19271-BB |
18 |  | ) |  |
   | _____ | ) | Adversary Case No. 2:12-ap-02183-BB |
19 |  | ) |  |
   | J.T. THORPE SETTLEMENT TRUST, | ) | **[PROPOSED] JUDGMENT IN** |
20 |  | ) | **ADVERSARY PROCEEDINGS** |
   | THORPE INSULATION COMPANY | ) |  |
21 | ASBESTOS SETTLEMENT TRUST, | ) |  |
   |  | ) |  |
22 | Plaintiffs, | ) |  |
   |  | ) |  |
23 | vs. | ) |  |
   |  | ) |  |
24 | MICHAEL J. MANDELBROT and THE | ) |  |
   | MANDELBROT LAW FIRM, | ) |  |
25 |  | ) |  |
   | Defendants. | ) |  |
26 | _____ | ) |  |

27

28

                                        [PROPOSED] JUDGMENT IN
                                        ADVERSARY PROCEEDINGS
DB2/ 24700312.1
579804v1

It is hereby **ORDERED, ADJUDGED AND DECREED** that:

1.     Plaintiffs, the J.T. Thorpe Settlement Trust and Thorpe Insulation Company Asbestos Trust (collectively "Plaintiffs"), shall have judgment against Defendants Michael J. Mandelbrot and the Mandelbrot Law Firm (collectively "Defendants") in these adversary proceedings in accordance with the terms of this Court's Findings of Fact and Conclusions of Law, as well as the Court's Order Following Trial;

2.     Plaintiffs' claim for equitable relief is dismissed as to all Defendants without prejudice, such dismissal to be with prejudice in the event this Judgment becomes final and  non-appealable; and

3.     Plaintiffs and Defendants shall each bear their own costs and attorney's fees in connection with the above-entitled adversary proceedings.

PREPARED AND SUBMITTED BY:
STUTMAN, TREISTER & GLATT

/s/ Gabriel I. Glazer
GABRIEL I. GLAZER, Members of
STUTMAN, TREISTER & GLATT
PROFESSIONAL CORPORATION
Attorneys for J.T. Thorpe Settlement Trust and
Thorpe Insulation Company Asbestos Settlement Trust

###

[PROPOSED] JUDGMENT IN
ADVERSARY PROCEEDINGS

DB2/ 24700312.1

579804v1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 1901 Avenue of the Stars, 12th Floor, Los Angeles, California 90067.

A true and correct copy of the foregoing documents entitled: **NOTICE OF LODGMENT OF:  (1) [PROPOSED] ORDER FOLLOWING TRIAL ON ADVERSARY COMPLAINTS AND MOTION FOR INSTRUCTIONS; (2) [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW; and (3) [PROPOSED] JUDGMENT IN ADVERSARY PROCEEDINGS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 11, 2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) February 11, 2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (<u>state method for each person or entity served</u>):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 11, 2014, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| February 11, 2014 | Therese A. Barron | */s/ Therese A. Barron* |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Dennis D Davis on behalf of Defendant The Mandelbrot Law Firm
mvelasquez@gsdllaw.com

Dennis D Davis on behalf of Defendant Michael J. Mandelbrot
mvelasquez@gsdllaw.com

Gary S Fergus on behalf of 3rd Party Plaintiff Charles B Renfrew
gfergus@ferguslegal.com

Gary S Fergus on behalf of Interested Party Charles B Renfrew
gfergus@ferguslegal.com

Gabriel I Glazer on behalf of Plaintiff J.T. Thorpe Settlement Trust
gglazer@stutman.com

Gabriel I Glazer on behalf of Plaintiff Thorpe Insulation Company Asbestos Settlement Trust
gglazer@stutman.com

Gabriel I Glazer on behalf of Plaintiff Thorpe Insulation Company Asbestos Settlement Trust
gglazer@stutman.com

Gregory K Jones on behalf of Plaintiff J.T. Thorpe Settlement Trust
gjones@stutman.com

Gregory K Jones on behalf of Plaintiff Thorpe Insulation Company Asbestos Settlement Trust
gjones@stutman.com

Merle Meyers on behalf of Defendant The Mandelbrot Law Firm
mmeyers@mlg-pc.com

Merle Meyers on behalf of Defendant Michael J. Mandelbrot
mmeyers@mlg-pc.com

Marcy Railsback on behalf of Witness Barbara Malm
marcy@bovinorailsback.com, marcyrailsback@hotmail.com

Marcy Railsback on behalf of Witness Laura Paul
marcy@bovinorailsback.com, marcyrailsback@hotmail.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

3.    **Served via Federal Express**

| | |
|---|---|
| Honorable Sheri Bluebond<br>United States Bankruptcy Court<br>255 E. Temple Street, Room 1482<br>Los Angeles, CA  90012 | Michael J. Mandelbrot<br>The Mandelbrot Law Firm<br>505A San Marin Drive, Suite 200<br>Novato, CA 94945 |