1  MICHAEL J. MANDELBROT, ESQ. (CSB# 172626)
   Mandelbrot Law Firm
2  505 San Marin Drive, Suite 200
3  Novato, CA 94945

4  Phone:(415) 895-5175
   Fax: (415) 727-4700
5  Email: mandelbrot@asbestoslegalcenter.org
6  Defendant MICHAEL J. MANDELBROT, d.b.a.
   MANDELBROT LAW FIRMS, *In Pro Per*
7

8                    UNITED STATES BANKRUPTCY COURT
9                     CENTRAL DISTRICT OF CALIFORNIA
                          LOS ANGELES DIVISION
10

11  In re                          )  Chapter 11
                                    )
12  J.T. THORPE, INC.,              )  Case No. 02-14216-BB
    THORPE INSULATION COMPANY,      )
13                                  )  Adversary Case No. 2:12-ap-02182-BB
                                    )
14      Debtors                     )  Case No. 07-19271-BB
                                    )
15  J.T. THORPE SETTLEMENT TRUST,   )  Adversary Case No. 2:12-ap-02183-BB
    THORPE INSULATION COMPANY       )
16  ASBESTOS SETTLEMENT TRUST,      )
                                    )  **DEFENDANT MICHAEL J.**
17      Plaintiffs,                 )  **MANDELBROT, d.b.a., MANDELBROT**
                                    )  **LAW FIRM'S OBJECTIONS TO THE**
18  vs.                             )  **PLAINTIFFS' [PROPOSED] FINDINGS**
                                    )  **OF FACT AND CONCLUSIONS OF LAW**
19  MICHAEL J. MANDELBROT and THE   )
20  MANDELBROT LAW FIRM,            )
                                    )  Trial Schedule
21      Defendants.                 )
                                    )  Date: January 21-23, 2014
22                                  )  Time: 10:00 a.m.
                                    )  Place: Courtroom 1475
23                                  )  255 E. Temple St., 14th Floor
                                    )  Los Angeles, CA 90012
24                                  )  Judge: Honorable Sheri Bluebond
                                    )
25                                  )
                                    )
26                                  )
                                    )
27                                  )

28

FILED

FEB 13 2014

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                Deputy Clerk

BY FAX

TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY

JUDGE:

COMES NOW Defendants MICHAEL J. MANDELBROT, ESQ., d.b.a., THE

MANDELBROT LAW FIRM ("Mandelbrot") and submitted by Plaintiffs J.T. THORPE

SETTLEMENT TRUST and THORPE INSULATION COMPANY ASBESTOS

SETTLEMENT TRUST ("Thorpe Trusts").

## I.      GENERAL OBJECTIONS

1.  The January 23, 2014, settlement agreement was unconscionable.

2.  The January 23, 2014, agreement procured by threat from former defense

counsel, Dennis Davis, to the undersigned, of criminal liability, the threat of imprisonment and

personal civil liabilities in excess of a million dollars.

3.  The January 23, 2014, agreement required Defendant to admit publicly, and on the

record and for internet publication on various asbestos personal injury settlement trusts'

websites, to being a lawyer that has filed unreliable compensation claims, and other facts, that

are simply untrue, and as a practical matter, would terminate the existing law practice of the

undersigned, which is built around filing asbestos injury compensation claims.

4.  The January 23, 2014, agreement granted (or unlawfully sought to grant) Your Honor

jurisdiction over matters that Your Honor plainly had no jurisdiction, i.e.,

(a) the Plant Trust (the 524(g) plan that has yet to be approved, now pending

before the Hon. Thomas E. Carlson, In re Plant Insulation Company, a California

corporation, Debtor, No. 09-31347 TEC, United States Bankruptcy Court, N.D.

California); and

1    (b) the Western Trust (the 524(g) plan that was approved, and where these matters

2    were litigated to a conclusion before the Hon. Thomas E. Carlson in <u>Western Asbestos</u>

3    <u>Settlement Trust v. Michael J. Mandelbrot and Mandelbrot Law Firm</u>, No. 12-04190,

4    N.D. Calif. Bkcy., where Judge Carlson made clear (1) there was no justiciable case or

5    controversy on precisely the same facts that are now pending in this case (see 9-27-2013

6

7    transcript, attached as Exhibit A, at pps. 11:17-19, 15:24-16:23; 67:16-23; (2) that Judge

8    Carlson retained jurisdiction over the Western Trust and any further disputes concerning

9    the Western Trust had to be brought in his court, under the <u>Barton</u> doctrine, Exhibit A, at

10

11   pps. 16:15-23);

12       5.   The January 23, 2014, agreement imposed a public reprimand against an attorney, a

13   form of attorney discipline (among others) where the Court of Appeals "***strongly urges***" that the

14   bankruptcy courts ***not*** exercise jurisdiction, i.e., public reprimands of California licensed

15

16   attorneys are matters that are normally to be adjudicated in California State Bar disciplinary

17   proceedings[1] and even in the Bankruptcy Courts, they are normally not decided by bankruptcy

18

19   _____

20   [1] See, e.g., discussion in <u>Sheller v. Superior Court</u> (2008) 158
Cal.App.4th 1697, 71 Cal.Rptr.3d 207, 215-216, "Prior to the enactment of the
State Bar Act, attorney discipline was administered by the courts under their
21   inherent judicial power. (1 Witkin, Cal. Procedure (4th ed. 1996) Attorneys,
§ 616, p. 727.) As originally enacted, the State Bar Act did not attempt to
22   curtail or limit the previously existing judicial power to impose discipline.
(See <u>Bus. & Prof.Code</u>, fmr. § 6087 [nothing in the State Bar Act [71
23   Cal.Rptr.3d 216]"shall be construed as limiting or altering the powers of the
courts of this state to disbar or discipline members of the bar"].) However,
24   in 1951, the State Bar Act was amended to exclude superior courts and
appellate courts from exercising such jurisdiction, leaving the Supreme Court
as ***the sole judicial entity with jurisdiction over attorney discipline***. (<u>Bus.
25   & Prof. Code</u>, §§ 6087, 6100; <u>Jacobs v. State Bar</u> (1977) 20 Cal.3d 191, 196,
141 Cal.Rptr. 812, 570 P.2d 1230.) Thus, in California, the inherent judicial
26   power of the superior court does not extend to attorney disciplinary actions.
That power is exclusively held by the Supreme Court and the State Bar, acting
27   as its administrative arm. (<u>Jacobs v. State Bar, supra</u>, 20 Cal.3d at p. 198,
141 Cal.Rptr. 812, 570 P.2d 1230.)  (emphasis added).
28

DEFENDANT MICHAEL J. MANDELBROT, d.b.a., MANDELBROT LAW FIRM'S OBJECTIONS TO
THE PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 3

judges[2] as to do so the bankruptcy judge is placed in the awkward position of being both a prosecutor and an arbiter of an investigation into facts, i.e., to be both a prosecutor and judge.

6.   The January 23, 2014, settlement agreement contemplated an evidentiary record that was woefully incomplete, and based on evidence of criminal conduct discovered by the undersigned after January 23, 2014, that could not have been discovered by the undersigned before that date through the exercise of reasonable diligence, should Your Honor overrule the within objections, the Defendant intends to file a Motion to Set Aside the January 23, 2014, settlement agreement, and bring a companion Motion for New Trial, based on fraud, illegality, unconscionability, mutual and unilateral mistake, and duress. Fed. R. Civ. P., Rules 59 (b) and 60(c)(1)).

Accordingly, on January 27, 2014, Defendant gave notice to his then counsel of record, Dennis Davis, that the Defendant intended to rescind the January 23, 2014, settlement agreement.  Former defense counsel, Dennis Davis, apparently delayed communicated the rescission of contract, and his services were terminated by defendant who substituted himself in to this case on January 29, 2014, in pro per.

This was confirmed in a letter of February 7, 2014, that read as follows:

---

[2] In re Brooks-Hamilton (2009) 400 Bankruptcy Reporter 238, 253 "Although the Panel's prior decisions do not require that the bankruptcy court refer the matter to the Standing Committee, see Crayton, 192 B.R. at 978; Lehtinen, 332 B.R. at 413 (citing Smyth I, 329 B.R. at 286), **we strongly urge the bankruptcy court to do so**, to spare itself from having to rehash this stale and exhausting matter. Moreover, **by referring the matter to the Standing Committee, the bankruptcy court will avoid the awkward responsibility for serving as "prosecutor and arbiter in the investigation, prosecution and discipline**" of Smyth. Crayton, 192 B.R. at 978. The referral would permit an independent body of judges to evaluate the appropriate sanction against Smyth under the circumstances. See id. at 977-78." (emphasis supplied).

DEFENDANT MICHAEL J. MANDELBROT, d.b.a., MANDELBROT LAW FIRM'S OBJECTIONS TO THE PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 4

Dear Mr. Smith,

Thank you for your letter of February 6, 2014. This will confirm your client has rejected my offer to stipulate to set aside the January 23, 2014 settlement agreement, resume or restart trial and/or to resolve the litigation in a proper manner. As such, we ask that you provide us with your proposed Findings, proposed Order and proposed Judgment as quickly as possible so that we may file the proper objections. We have not received it as of Friday, February 7, 2014 at 2:00 p.m.

As I mentioned, we will be objecting to the proposed settlement agreement on multiple grounds including, without limitation that the settlement agreement was never consummated, the lack of agreement of all necessary parties on January 23, 2014, the settlement was negotiated through duress, fraud, illegality, undue influence, bad faith, in addition to the incompetence my counsel. In addition, as I noted earlier this week, to accept the agreement with the Trusts would require me to violate my ethical duties as a lawyer to report fraud.

This will also confirm that you have been informed of additional information, documents and evidence which clearly show an abuse of discretion in the filing of your petition (the misconduct of Trust Advisory Member Al Brayton) and have failed to acknowledge the same with required annual filings with the Federal Courts, disclosures to Trust beneficiaries and misleading (and unreported) Trust testimony. In addition, you have been informed of multiple instances of clear perjury and subornation of perjury at trial and have failed to retract the same.

We look forward to lodging Objections to you proposed Order, Findings and Judgment. Should any Order be approved by the Court, we will be filing both a Motion to set aside the Settlement Agreement and a Motion for a New Trial.

In addition, you are correct that I will never sign any definitive agreement with these Trusts under the parameters proposed. However, we have still not received your proposed definitive agreement.

We look forward to receiving the proposed Order and proposed definitive agreement (which, as I've mentioned, we consider null and void).

Please let me know if you have any questions.

    Given the foregoing, the defense objects to the Proposed Finds of Fact and Conclusion of law as follows.

    ///

    ///

    ///

DEFENDANT MICHAEL J. MANDELBROT, d.b.a., MANDELBROT LAW FIRM'S OBJECTIONS TO THE PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 5

## II.   [PROPOSED] FINDINGS OF FACT

**Proposed Finding of Fact No. 1**

1. Mr. Mandelbrot and the Mandelbrot Law Firm are referred to herein collectively as "Mandelbrot" or "Defendants."

**Defendant's Response**

No Objection

**Proposed Finding of Fact No. 2**

2. While not parties to the above captioned action the Western Asbestos Settlement Trust (individually referred to as the "Western Trust") and the Plant Insulation Company Asbestos Settlement Trust doing business as the Plant Asbestos Settlement Trust (individually referred to as the "Plant Trust") were present in the courtroom at trial on January 23, 2014 through the Managing Trustee and were represented by counsel. The counsel for the Futures Representative for the Western Trust and the Plant Trust was also present in the court room. The Western Trust, the Plant Trust, and the Futures Representative for those trusts agreed to the terms of the representations, agreements and stipulations insofar as they related to those trusts as set forth below in paragraph 3, subject only to approval by those trusts at a meeting where the trusts could act, which approval that was obtained and communicated to Mandelbrot on January 29, 2014.

**Defendant's Response**

**Objection:**

The defense incorporates by reference as though fully set forth herein, General Objections 1 through 6, inclusive, set forth above.

More specifically, the Western Trust and the Plant Trust are not litigants in these proceedings, and as a factual matter, the trustee of the Plant Trust has not approved the

settlement agreement in this matter because the Plant Trust Sec. 524(g) plan has not even been

approved yet, at this writing.

Specifically, the trustees of the Plant Trust have not approved the settlement agreement.

The Sec. 524(g) re-organization plan for the Plant Trust is not before this Court, and the Plant

Trust Sec. 524(g) plant has not even yet been approved by the Hon. Thomas E. Carlson (In re

Plant Insulation Company, a California corporation, Debtor, No. 09-31347 TEC, United States

Bankruptcy Court, N.D. California), the federal judge that currently has jurisdiction over the

Plant Trust. Accordingly, it would be premature, unlawful, improvident and an abuse of

discretion for this Court to enter any Findings of Fact, Conclusions of Law, Orders and

Judgment, concerning the Plant Trust. Your Honor simply lacks jurisdiction over the Plant

Trust.

Further still, the dispute between the Defendant and the Western Trust was the subject of

litigation in Western Asbestos Settlement Trust v. Michael J. Mandelbrot and Mandelbrot Law

Firm, No. 12-04190, N.D. Calif. Bkcy.) where the Hon. Thomas E. Carlson dismissed the case

because that Court, unlike Your Honor, saw no justiciable controversy; by agreement before

judge Carlson entered on October 29, 2013, each side bore their own fees and costs, and Mr.

Mandelbrot could continue to file claims with the Western Trust on behalf of his clients, because

there was no ripe case or controversy[3]. Accordingly, it would similarly be unlawful, improvident

---

[3] The dismissal in Western Asbestos Settlement Trust v. Michael J. Mandelbrot and Mandelbrot Law Firm, No. 12-04190, N.D. Calif. Bkcy., specifically references the October 29, 2013, proceedings, the transcript of which was ordered but has not been (as yet) received by the undersigned. These objections will be supplemented if and when the October 29, 2013, transcripts have been received. Judge Carlson did set forth his reasoning at length, on September 27, 2013, and the transcript of that hearing is attached hereto and incorporated herein by reference as Exhibit A, at pps. 11:17-19, 15:24-16:23; 67:16-23. The October 29, 2013, form of dismissal is attached hereto and incorporated herein by reference as Exhibit B.

DEFENDANT MICHAEL J. MANDELBROT, d.b.a., MANDELBROT LAW FIRM'S OBJECTIONS TO THE PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 7

and an abuse of this Court's discretion for this Court to enter any Findings of Fact, Conclusions of Law, Orders and Judgment, concerning the Western Trust, given the collateral estoppel effect of Judge Carlson's October 29, 2013, rulings and Your Honor's lack of jurisdiction over the Western Trust.

**Proposed Finding of Fact No. 3**

3. At trial on January 23, 2014, Mandelbrot, represented by counsel, and his counsel, the J.T. Thorpe Trust and the Thorpe Insulation Trust, the Futures Representative of those trusts as well as counsel for those trusts and the Futures Representative represented, agreed and stipulated in open court on the record, subject only to approval by those trusts at a meeting where the trusts could act, which approval that was obtained and communicated to Mandelbrot on January 29, 2014, as follows:

**Defendant's Response**

**Objection:**

The defense incorporates by reference as though fully set forth herein, General Objections 1 through 6, inclusive, set forth above.

The agreement was subject to the approval of the Court (1-23-2014 TT, at 2:14, on file herein) and the trusts. At this writing, as a factual matter, the Plant Trust has not agreed to the terms of this settlement. Moreover, the Defendant rescinded the settlement agreement before the Court and the all of the trusts (which includes the Plant Trust) had approved the settlement agreement.

**Proposed Finding of Fact No. 3 a**

a. Mandelbrot agreed, that as of January 23, 2014, Mandelbrot will file no new claims and that he is permanently barred from filing claims with the J.T. Thorpe Trust, the Thorpe Insulation Trust, the Western Trust and the Plant Trust.

**Defendant's Response**

**Objection:**

The defense incorporates by reference as though fully set forth herein, General Objections 1 through 6, inclusive, set forth above.

This is a void contract provision, under California law:

California Business and Professions Code section 16600 provides that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

**Proposed Finding of Fact No. 3 b**

b. Mandelbrot agreed that as of January 23, 2014, he shall cease all activity, with respect to pending claims for the J.T. Thorpe Trust, the Thorpe Insulation Trust and the Western Trust and transfer those claims to an attorney who will take responsibility as if he or she were the attorney that originally filed the claim. Mandelbrot agreed that this provision means that any document submitted to any of the above described trusts with respect to any such claims that bears Mandelbrot's signature shall not be considered valid by any of the trusts. Mandelbrot agreed that the new lawyer must substitute in full for Mandelbrot and Mandelbrot cannot serve as co-counsel of record, and that pending claims will have to be withdrawn and refiled by new counsel. The J.T. Thorpe Trust, the Thorpe Insulation Trust, and the Western Trust have agreed that no new filing fee would be required and the original date of filing would also be applied so that beneficiaries would not be disadvantaged.

**Defendant's Response**

**Objection:**

The defense incorporates by reference as though fully set forth herein, General Objections 1 through 6, inclusive, set forth above.

This is a void contract provision, under California law:

California Business and Professions Code section 16600 provides that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

**Proposed Finding of Fact No. 3 c**

c. Mandelbrot agreed that Mandelbrot shall not receive any other payments from any of the above described trusts, for any reason, effective January 23, 2014, provided however, the J.T. Thorpe Trust, the Thorpe Insulation Trust and the Western Trust have agreed that if these trusts had valid releases in their possession as of January 23, 2014, or postmarked addressed to those trusts as of that date executed by Mandelbrot's clients, then those claims would be paid in the ordinary course through Mandelbrot.

**Defendant's Response**

**Objection:**

The defense incorporates by reference as though fully set forth herein, General Objections 1 through 6, inclusive, set forth above.

This is a void contract provision, under California law:

California Business and Professions Code section 16600 provides that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

**Proposed Finding of Fact No. 3 d**

d. Mandelbrot agreed that for past claims where Mandelbrot has represented claimants before the J.T. Thorpe Trust, the Thorpe Insulation Trust, and the Western Trust, those claims will also be transferred to a new attorney and Mandelbrot shall not be counsel of record for those claims. Mandelbrot agreed that Mandelbrot shall have no standing to challenge the fiduciary decisions or conduct of those trusts, with respect to any rights of those claimants to future payments for the J.T. Thorpe Trust, the Thorpe Insulation Trust and the Western Trust, such as decisions whether or not to change the payment percentage or funds received ratio.

**Defendant's Response**

**Objection:**

The defense incorporates by reference as though fully set forth herein, General Objections 1 through 6, inclusive, set forth above.

This is a void contract provision, under California law:

California Business and Professions Code section 16600 provides that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

**Proposed Finding of Fact No. 3 e**

e. Mandelbrot agreed that as of January 23, 2014, Mandelbrot withdrew the opposition to the Motion for Instructions and joined the Motion for Instructions and agreed that the Court should find that with respect to the J.T. Thorpe Trust, The Thorpe Insulation Trust and the Western Trust, the conduct of all trust fiduciaries, trust staff, counsel for the fiduciaries and staff, and counsel for the trusts, and the three trusts themselves, in initiating, conducting and

concluding the investigation and adversary proceeding, was in every respect, reasonable, not an abuse of discretion, and were authorized and appropriate.

**Defendant's Response**

**Objection:**

The defense incorporates by reference as though fully set forth herein, General Objections 1 through 6, inclusive, set forth above.

Defendant timely rescinded this settlement agreement before all of the parties had approved its terms, including the Court, and the rescission is appropriate, as shall be set forth in a separate and soon to be filed motion to set aside the settlement agreement, on the grounds of illegality, fraud, duress, mutual mistake and unilateral mistake.

Moreover, if this Court finds that it actually has jurisdiction over the Western Trust, for some reason, and that the issues and parties are the same as in the case before this Court, then the ruling that is earlier in time by Judge Carlson is outcome determinative in favor of the defense under the doctrine of collateral estoppel.

**Proposed Finding of Fact No. 3 f**

f. Mandelbrot and the J.T. Thorpe Trust and the Thorpe Insulation Trust agreed that the Parties would jointly request that this Court enter findings of fact and conclusions of law as described herein; that they, together with the accompanying order of the court would be part of the public record and that the May 24th, 2013 letter from the J.T. Thorpe Trust, the Thorpe Insulation Trust and the Western Trust to Mandelbrot, Trial Exhibit 227, ("May 24th Letter"), without redaction, would be a public record and part of the findings of fact and conclusions of law.

**Defendant's Response**

DEFENDANT MICHAEL J. MANDELBROT, d.b.a., MANDELBROT LAW FIRM'S OBJECTIONS TO
THE PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 12

**Objection:**

The defense incorporates by reference as though fully set forth herein, General Objections 1 through 6, inclusive, set forth above.

Defendant timely rescinded this settlement agreement before all of the parties had approved its terms, including the Court, and the rescission is appropriate, as shall be set forth in a separate and soon to be filed motion to set aside the settlement agreement, on the grounds of illegality, fraud, duress, mutual mistake and unilateral mistake.

Moreover, if this Court finds that it actually has jurisdiction over the Western Trust, for some reason, and that the issues and parties are the same as in the case before this Court, then the ruling that is earlier in time by Judge Carlson is outcome determinative in favor of the defense under the doctrine of collateral estoppel.

**Proposed Finding of Fact No. 3 g**

g. Mandelbrot agreed that the J.T. Thorpe Trust's, the Thorpe Insulation Trust's and the Western Trust's determinations stated in the May 24th letter, including the determination by all three trusts that Mandelbrot, the person and the firm, are unreliable and with respect to the J.T. Thorpe Trust and Thorpe Insulation Trusts specifically , have engaged in a pattern and practice of filing unreliable evidence and support claims filed with those two trusts, are reasonable in light of the evidence assessed in connection with the audit.

**Defendant's Response**

**Objection:**

The defense incorporates by reference as though fully set forth herein, General Objections 1 through 6, inclusive, set forth above.

DEFENDANT MICHAEL J. MANDELBROT, d.b.a., MANDELBROT LAW FIRM'S OBJECTIONS TO THE PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 13

Defendant timely rescinded this settlement agreement before all of the parties had approved its terms, including the Court, and the rescission is appropriate, as shall be set forth in a separate and soon to be filed motion to set aside the settlement agreement, on the grounds of illegality, fraud, duress, mutual mistake and unilateral mistake.

Moreover, if this Court finds that it actually has jurisdiction over the Western Trust, for some reason, and that the issues and parties are the same as in the case before this Court, then the ruling that is earlier in time by Judge Carlson is outcome determinative in favor of the defense under the doctrine of collateral estoppel.

**Proposed Finding of Fact No. 3 h**

h. Mandelbrot agreed that the remedy imposed by the J.T. Thorpe Trust and the Thorpe Insulation Trust in the May 24th letter providing for the disallowance of all further evidentiary submissions by Mandelbrot is authorized under the Trust Distribution Procedures of each trust, and is reasonable in light of the Trusts' audit and investigative findings.

**Defendant's Response**

**Objection:**

The defense incorporates by reference as though fully set forth herein, General Objections 1 through 6, inclusive, set forth above.

Defendant timely rescinded this settlement agreement before all of the parties had approved its terms, including the Court, and the rescission is appropriate, as shall be set forth in a separate and soon to be filed motion to set aside the settlement agreement, on the grounds of illegality, fraud, duress, mutual mistake and unilateral mistake.

Moreover, if this Court finds that it actually has jurisdiction over the Western Trust, for some reason, and that the issues and parties are the same as in the case before this Court, then the

ruling that is earlier in time by Judge Carlson is outcome determinative in favor of the defense

under the doctrine of collateral estoppel.

**Proposed Finding of Fact No. 3 h**

i. Mandelbrot agreed that the investigation of Mandelbrot - by the J.T. Thorpe Trust, the

Thorpe Insulation Trust and the Western Trust - and the determinations and the remedy imposed

were reasonable, not based upon improper interpretations of the terms of the three trusts, were

and are consistent with the trusts' fiduciary duties, were conducted pursuant to a valid trust

purpose, were not done in bad faith and were not an abuse of discretion.

**Defendant's Response**

**Objection:**

The defense incorporates by reference as though fully set forth herein, General

Objections 1 through 6, inclusive, set forth above.

Defendant timely rescinded this settlement agreement before all of the parties had

approved its terms, including the Court, and the rescission is appropriate, as shall be set forth in a

separate and soon to be filed motion to set aside the settlement agreement, on the grounds of

illegality, fraud, duress, mutual mistake and unilateral mistake.

Moreover, if this Court finds that it actually has jurisdiction over the Western Trust, for

some reason, and that the issues and parties are the same as in the case before this Court, then the

ruling that is earlier in time by Judge Carlson is outcome determinative in favor of the defense

under the doctrine of collateral estoppel.

**Proposed Finding of Fact No. 3 j**

j. Mandelbrot agreed that if the J.T. Thorpe Trust, the Thorpe Insulation Trust, and the

Western Trust have not received a substitution of counsel within six months, these trusts are

authorized by this Court to deem those claims withdrawn without any further approval of the

Court. Mandelbrot agreed to use his best efforts to notify all claimants he represents that

substitutions of counsel must be filed with the J.T. Thorpe Trust, the Thorpe Insulation Trust and

the Western Trust. Mandelbrot agreed to provide the J.T. Thorpe Trust, the Thorpe Insulation

Trust and the Western Trust the last known address for all claimants where no substitution of

counsel has been provided.

**Defendant's Response**

**Objection:**

The defense incorporates by reference as though fully set forth herein, General

Objections 1 through 6, inclusive, set forth above.

Defendant timely rescinded this settlement agreement before all of the parties had

approved its terms, including the Court, and the rescission is appropriate, as shall be set forth in a

separate and soon to be filed motion to set aside the settlement agreement, on the grounds of

illegality, fraud, duress, mutual mistake and unilateral mistake.

Moreover, if this Court finds that it actually has jurisdiction over the Western Trust, for

some reason, and that the issues and parties are the same as in the case before this Court, then the

ruling that is earlier in time by Judge Carlson is outcome determinative in favor of the defense

under the doctrine of collateral estoppel.

Last, this is a void contract provision, under California law:

California Business and Professions Code section 16600 provides that "every contract by

which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is

to that extent void."

**Proposed Finding of Fact No. 3 k**

k. Mandelbrot agreed that if Mandelbrot violates any of the terms set forth on the record, the J.T. Thorpe Trust and the Thorpe Insulation Trust shall have the right to bring such violations to the attention of this Court and that the Western Trust and the Plant Trust shall have the right to bring such violations to the attention of their supervising bankruptcy courts and seek relief. Mandelbrot agreed that the doctrine set forth in *Barton v. Barbour*, 104 U.S. 126, 127, (1881), (the "*Barton* Doctrine") applies to any dispute between the four trusts and Mandelbrot, and the only appropriate jurisdiction is the supervising bankruptcy court that appointed the trust fiduciaries for each particular trust.

**Defendant's Response**

**Objection:**

The defense incorporates by reference as though fully set forth herein, General Objections 1 through 6, inclusive, set forth above.

Defendant timely rescinded this settlement agreement before all of the parties had approved its terms, including the Court, and the rescission is appropriate, as shall be set forth in a separate and soon to be filed motion to set aside the settlement agreement, on the grounds of illegality, fraud, duress, mutual mistake and unilateral mistake.

Moreover, if this Court finds that it actually has jurisdiction over the Western Trust, for some reason, and that the issues and parties are the same as in the case before this Court, then the ruling that is earlier in time by Judge Carlson is outcome determinative in favor of the defense under the doctrine of collateral estoppel.

Last, the *Barton* doctrine, to the extent it applies at all to the Western Trust or the Plant Trust, dictates that Judge Carlson have jurisdiction over the matter, and not this Court.

**Proposed Finding of Fact No. 3 1**

l. Mandelbrot represented that Mandelbrot understood and agreed that the order, findings of fact, and conclusions of law, will be part of the public record, as will the May 24th letter, unredacted.

**Defendant's Response**

**Objection:**

The defense incorporates by reference as though fully set forth herein, General Objections 1 through 6, inclusive, set forth above.

Defendant timely rescinded this settlement agreement before all of the parties had approved its terms, including the Court, and the rescission is appropriate, as shall be set forth in a separate and soon to be filed motion to set aside the settlement agreement, on the grounds of illegality, fraud, duress, mutual mistake and unilateral mistake.

Moreover, if this Court finds that it actually has jurisdiction over the Western Trust, for some reason, and that the issues and parties are the same as in the case before this Court, then the ruling that is earlier in time by Judge Carlson is outcome determinative in favor of the defense under the doctrine of collateral estoppel.

**Proposed Finding of Fact No. 3 m**

m. Mandelbrot agreed and the J.T. Thorpe Trust and the Thorpe Insulation Trust have agreed that each party shall bear its own costs and attorney's fees in this matter.

**Defendant's Response**

**Objection:**

The defense incorporates by reference as though fully set forth herein, General Objections 1 through 6, inclusive, set forth above.

1    Defendant timely rescinded this settlement agreement before all of the parties had

2   approved its terms, including the Court, and the rescission is appropriate, as shall be set forth in a

3   separate and soon to be filed motion to set aside the settlement agreement, on the grounds of

4   illegality, fraud, duress, mutual mistake and unilateral mistake.

5

6    Moreover, if this Court finds that it actually has jurisdiction over the Western Trust, for

7   some reason, and that the issues and parties are the same as in the case before this Court, then the

8   ruling that is earlier in time by Judge Carlson is outcome determinative in favor of the defense

9   under the doctrine of collateral estoppel.

10

11   **Proposed Finding of Fact No. 4**

12   4. The J.T. Thorpe Trust, the Thorpe Insulation Trust and the Western Trust have

13   represented to the Court that they informed Mandelbrot on or about January 29, 2014, that each

14   of these trusts approved the stipulation and have made a determination and agreed that under all

15   the circumstances that it would not be in the best interests, to present and future claimants, to

16

17   pursue Mandelbrot for economic damages related to claims filed by Mandelbrot with these three

18   trusts.

19   **Defendant's Response**

20   **Objection:**

21   The defense incorporates by reference as though fully set forth herein, General

22

23   Objections 1 through 6, inclusive, set forth above.

24   Defendant timely rescinded this settlement agreement before all of the parties had

25   approved its terms, including the Court, and the rescission is appropriate, as shall be set forth in a

26

27   separate and soon to be filed motion to set aside the settlement agreement, on the grounds of

28   illegality, fraud, duress, mutual mistake and unilateral mistake.

DEFENDANT MICHAEL J. MANDELBROT, d.b.a., MANDELBROT LAW FIRM'S OBJECTIONS TO
THE PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 19

Moreover, if this Court finds that it actually has jurisdiction over the Western Trust, for some reason, and that the issues and parties are the same as in the case before this Court, then the ruling that is earlier in time by Judge Carlson is outcome determinative in favor of the defense under the doctrine of collateral estoppel.

**Proposed Finding of Fact No. 5**

5. The J.T. Thorpe Trust and the Thorpe Insulation Trust have represented to the Court that they informed Mandelbrot on or about January 29, 2014 that each of these Trusts agreed, subject to a final order of this Court with respect to the Motion for Instructions, to dismiss Count II of their adversary proceeding complaint for equitable relief in the form of an accounting, constructive trust, and/or restitution against Mandelbrot. The Western Trust represented to the Court that it informed Mandelbrot on or about January 29, 2014 that it has agreed, subject to a final order of this Court with respect to the Motion for Instructions, to file a dismissal with prejudice of Count II of its adversary proceeding complaint against Mandelbrot that has already been dismissed without prejudice.

**Defendant's Response**

**Objection:**

The defense incorporates by reference as though fully set forth herein, General Objections 1 through 6, inclusive, set forth above.

Defendant timely rescinded this settlement agreement before all of the parties had approved its terms, including the Court, and the rescission is appropriate, as shall be set forth in a separate and soon to be filed motion to set aside the settlement agreement, on the grounds of illegality, fraud, duress, mutual mistake and unilateral mistake.

Moreover, if this Court finds that it actually has jurisdiction over the Western Trust, for some reason, and that the issues and parties are the same as in the case before this Court, then the ruling that is earlier in time by Judge Carlson is outcome determinative in favor of the defense under the doctrine of collateral estoppel.

**Proposed Finding of Fact No. 6**

6. The Western Trust administers pursuant to contract the claims for the J.T. Thorpe Trust, the Thorpe Insulation Trust and the Plant Trust.

**Defendant's Response**

**Objection:**

The defense incorporates by reference as though fully set forth herein, General Objections 1 through 6, inclusive, set forth above.

This proposed finding of fact is unintelligible and therefore void for vagueness.

Defendant timely rescinded this settlement agreement before all of the parties had approved its terms, including the Court, and the rescission is appropriate, as shall be set forth in a separate and soon to be filed motion to set aside the settlement agreement, on the grounds of illegality, fraud, duress, mutual mistake and unilateral mistake.

Moreover, if this Court finds that it actually has jurisdiction over the Western Trust, for some reason, and that the issues and parties are the same as in the case before this Court, then the ruling that is earlier in time by Judge Carlson is outcome determinative in favor of the defense under the doctrine of collateral estoppel.

**Proposed Finding of Fact No. 7**

7. On or about September 2011, and pursuant to Section 5.7(a) of their respective Trust Distribution Procedures ("TDPs"), approved by the J.T. Thorpe Confirmation Order and the

DEFENDANT MICHAEL J. MANDELBROT, d.b.a., MANDELBROT LAW FIRM'S OBJECTIONS TO
THE PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 21

Thorpe Insulation Confirmation Order, respectively, the J.T. Thorpe Trust, the Thorpe Insulation Trust and the Western Trust initiated audits of Mandelbrot and claims submitted by Mandelbrot against the Trusts. Mandelbrot was advised of these audits on or about December 5, 2011. Events and details regarding these audits are contained in the Court's record and were admitted into evidence during the trial.

**Defendant's Response**

**Objection:**

The defense incorporates by reference as though fully set forth herein, General Objections 1 through 6, inclusive, set forth above.

Defendant timely rescinded this settlement agreement before all of the parties had approved its terms, including the Court, and the rescission is appropriate, as shall be set forth in a separate and soon to be filed motion to set aside the settlement agreement, on the grounds of illegality, fraud, duress, mutual mistake and unilateral mistake.

**Proposed Finding of Fact No. 8**

8. Plaintiffs commenced these adversary proceedings by filing complaints on September 19, 2012 [Adv. Dockets Nos. 1]. Plaintiffs' original complaints sought a declaratory judgment against Mandelbrot that the audits initiated by the trusts regarding Mandelbrot were authorized by law and appropriate under the circumstances.

**Defendant's Response**

**Objection:**

The defense incorporates by reference as though fully set forth herein, General Objections 1 through 6, inclusive, set forth above.

DEFENDANT MICHAEL J. MANDELBROT, d.b.a., MANDELBROT LAW FIRM'S OBJECTIONS TO
THE PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 22

Defendant timely rescinded this settlement agreement before all of the parties had

approved its terms, including the Court, and the rescission is appropriate, as shall be set forth in a

separate and soon to be filed motion to set aside the settlement agreement, on the grounds of

illegality, fraud, duress, mutual mistake and unilateral mistake.

**Proposed Finding of Fact No. 9**

9. On October 24, 2012, the J.T. Thorpe Trust filed its *First Amended Complaint for

Declaratory Judgment* Case No. 12-ap-02182 [Adv. Docket No. 18] and the Thorpe Insulation

Trust filed its *First Amended Complaint for Declaratory Judgment and Equitable Relief* Case

No. 12-ap-02183 [Adv. Docket No. 18]. Plaintiffs' First Amended Complaints sought the same

declaratory relief as that contained in the original complaints (Count I), as well as equitable relief

(Count II) against Mandelbrot. Through Count II, the Trusts requested that, to the extent the

audits performed by the Trusts revealed improper payments made to Mandelbrot, equitable relief

in the form of a constructive trust, accounting, and/or restitution be allowed.

**Defendant's Response**

**Objection:**

The defense incorporates by reference as though fully set forth herein, General

Objections 1 through 6, inclusive, set forth above.

Defendant timely rescinded this settlement agreement before all of the parties had

approved its terms, including the Court, and the rescission is appropriate, as shall be set forth in a

separate and soon to be filed motion to set aside the settlement agreement, on the grounds of

illegality, fraud, duress, mutual mistake and unilateral mistake.

**Proposed Finding of Fact No. 10**

DEFENDANT MICHAEL J. MANDELBROT, d.b.a., MANDELBROT LAW FIRM'S OBJECTIONS TO
THE PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 23

10. On January 31, 2013, Defendants filed answers to the First Amended Complaints. [Adv. Docket No. 76]. On February 1, 2013, Defendants filed a First Amended Answer to the Complaint of the Thorpe Insulation Trust. [Adv. Docket No. 77]. In their answers, Defendants asserted as affirmative defenses (1) unclean hands, (2) accord and satisfaction, (3) failure to mitigate damages, (4) waiver and estoppel, (5) statute of limitations, (6) laches, and (7) failure to name indispensable parties. Mandelbrot alleged, among other things, that the Trusts: (1) failed to treat Mandelbrot clients equally with all other claimants; (2) created unique barriers to Mandelbrot clients; and (3) conspired with other competing claimants counsel to treat Mandelbrot clients unfairly and punish them for complaints made by Mandelbrot concerning improprieties of Trust personnel and Trust fiduciaries. The defenses asserted by Mandelbrot, and the evidence introduced by all the parties at trial, included contentions, argument, and evidence relating to the activities of all four trusts, which share common trustees, futures representatives, claims handling and accounting resources, and staff support.

**Defendant's Response**

**Objection:**

The defense incorporates by reference as though fully set forth herein, General Objections 1 through 6, inclusive, set forth above.

Defendant had not completed presenting its evidence, nor had the defense had adequate representation of counsel in the presentations to the Court or in the examinations of witnesses.

Further, defendant timely rescinded this settlement agreement before all of the parties had approved its terms, including the Court, and the rescission is appropriate, as shall be set forth in a separate and soon to be filed motion to set aside the settlement agreement, on the grounds of illegality, fraud, duress, mutual mistake and unilateral mistake.

**Proposed Finding of Fact No. 11**

11. On or about May 24, 2013, the Managing Trustee of both Trusts, Stephen M. Snyder, wrote a letter to Mandelbrot advising Mandelbrot of the Trusts' audit findings and conclusions. A copy of this letter, which was marked as **Trial Exhibit 227**, is attached hereto. The May 24th letter notified Mandelbrot of the following findings and conclusions, among others: (1) "Mandelbrot (i.e., the firm and its principal) each are unreliable under the 'person' or 'entity' requirement of section 5.7(a);" and (2) "Mandelbrot has submitted unreliable evidence to each of the Trusts[4] and, with regard to the J.T. Thorpe Trust and Thorpe Insulation Trust specifically, has

**Defendant's Response**

**Objection:**

The defense incorporates by reference as though fully set forth herein, General Objections 1 through 6, inclusive, set forth above.

Defendant timely rescinded this settlement agreement before all of the parties had approved its terms, including the Court, and the rescission is appropriate, as shall be set forth in a separate and soon to be filed motion to set aside the settlement agreement, on the grounds of illegality, fraud, duress, mutual mistake and unilateral mistake.

Moreover, if this Court finds that it actually has jurisdiction over the Western Trust, for some reason, and that the issues and parties are the same as in the case before this Court, then the ruling that is earlier in time by Judge Carlson is outcome determinative in favor of the defense under the doctrine of collateral estoppel.

---

[4] Per the Plaintiffs' footnote 3 "The term 'Trusts,' as used in the May 24th letter, includes both Trusts as well as the Western Trust. The Western Trust also conducted an audit of Mandelbrot under section 5.7(a) of its TDP and initiated an adversary proceeding against Mandelbrot in the Northern District, Adversary Case. No. 12-04190."

DEFENDANT MICHAEL J. MANDELBROT, d.b.a., MANDELBROT LAW FIRM'S OBJECTIONS TO THE PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 25

**Proposed Finding of Fact No. 12**

12. The Trusts' filed an initial Motion for Instructions with respect to their audit of

Mandelbrot in August 2013 [Adv. Docket No. 132]. Thereafter the court set this matter for an

evidentiary hearing in this Court's October 2, 2013 Order Setting Trial Date and Establishing

Procedures for Conduct of Court Trial (the "Scheduling Order") [Adv. Docket No. 140], the

Trusts presented the testimony of all of their witnesses through declarations of said witnesses by

December 3, 2013. In connection with the Trusts' December 3, 2013, submissions, this Court

considered the following pleadings, testimony and exhibits:[5]

a. The Trusts' Motion for Instructions Regarding (1) the Trusts' Audit Findings

Regarding Michael J. Mandelbrot and the Mandelbrot Law Firm, and (2) the Trusts'

Remedy

b. Declaration of Laura Paul – Exhibits 1-625[6]

c. Declaration of Michael Molland – Exhibits 63-135

d. Declaration of Benjamin P. Smith – Exhibits 136-162

e. Declaration of Sara Beth Brown – Exhibits 163-178

f. Declaration of Hon. Charles Renfrew (Ret.) – No Exhibits

g. Declaration of Steven B. Sacks – No Exhibits

h. Expert Report and Declaration of Roger B. Horne Jr. RADM USN (Ret.) with

Exhibits 1-7 to report attached.

i. Expert Report and Declaration of Richard D. Hepburn, Captain, U.S. Navy, (Ret.)

---

[5] Per Footnote 4 of the Plaintiffs' Proposed Findings of Fact and Conclusions of Law "The bulk of the Trusts' evidence was submitted under seal pursuant to an order entered by this Court dated January 13, 2014. [Adv. Docket Nos. 152-161, 182]"
[6] Per Footnote 5 of the Plaintiffs' Proposed Findings of Fact and Conclusions of Law "On December 12, 2013, the Trusts filed an Errata to the Declaration of Laura Paul correcting Exhibit 34. [Adv. Docket No. 163]."

with Exhibits A-D to report attached.

j. Rebuttal Report and Declaration of Peter R. Moenter – No Exhibits

k. Designation of Deposition Testimony of Marilyn Rodi with Exhibit 3 marked at deposition.

l. Designation of Deposition Testimony of Michael Mandelbrot with Confidential Exhibit B marked at deposition.

m. Designation of Deposition Testimony of Michael Dunning with Exhibits 2, 4, and 6-12 marked at deposition.

n. Designation of Deposition Testimony of Stephen Snyder – No Exhibits.

o. Designation of Deposition Testimony of Captain Francis Burger with Exhibits 1-4 marked at deposition.

p. Designation of Deposition Testimony of Paul Genthner with Exhibits 3 and 4 marked at deposition.

**Defendant's Response**

**Objection:**

The defense incorporates by reference as though fully set forth herein, General Objections 1 through 6, inclusive, set forth above.

Defendant had not completed presenting its evidence, nor had the defense had adequate representation of counsel in the presentations to the Court or in the examinations of witnesses.

Further, defendant timely rescinded this settlement agreement before all of the parties had approved its terms, including the Court, and the rescission is appropriate, as shall be set forth in a separate and soon to be filed motion to set aside the settlement agreement, on the grounds of illegality, fraud, duress, mutual mistake and unilateral mistake.

**Proposed Finding of Fact No. 13**

13. On December 17, 2013, Mandelbrot submitted the following pleadings, testimony and exhibits for consideration by this Court[7]:

a. Trial Declaration of Michael J. Mandelbrot – Exhibits A-Z[8]

b. Mandelbrot's Opposition to the Trusts' Motion for Instructions Regarding (1) the Trusts' Audit Findings Regarding Michael J. Mandelbrot and the Mandelbrot Law Firm, and (2) the Trusts' Remedy (the "Opposition")

c. Designation of Deposition Testimony of Whitney Lauren

d. Designation of Deposition Testimony of Barbara Malm Wilson

e. Report and Declaration of Captain Francis Burner, USN (Ret.)

f. Affidavit of Paul Eldbridge Genthner

As of January 23, 2014, Mandelbrot withdrew Mandelbrot's Opposition by agreement and stipulation on the record.

**Defendant's Response**

**Objection:**

The defense incorporates by reference as though fully set forth herein, General Objections 1 through 6, inclusive, set forth above.

Defendant had not completed presenting its evidence, nor had the defense had adequate representation of counsel in the presentations to the Court or in the examinations of witnesses.

---

[7] Per Footnote 6 of the Plaintiffs' Proposed Findings of Fact and Conclusions of Law "[Adv. Docket Nos. 168-173]."
[8] Per Footnote 7 of the Plaintiffs' Proposed Findings of Fact and Conclusions of Law "The Court sustained the Trust's Evidentiary Objections filed on January 7, 2014 striking Exhibit Y to the Trial Declaration of Michael J. Mandelbrot."

DEFENDANT MICHAEL J. MANDELBROT, d.b.a., MANDELBROT LAW FIRM'S OBJECTIONS TO THE PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 28

Further, defendant timely rescinded this settlement agreement before all of the parties had approved its terms, including the Court, and the rescission is appropriate, as shall be set forth in a separate and soon to be filed motion to set aside the settlement agreement, on the grounds of illegality, fraud, duress, mutual mistake and unilateral mistake.

**Proposed Finding of Fact No. 14**

14. On January 7, 2014, the Trusts submitted the following pleadings, testimony and exhibits for consideration by this Court[9]:

a. Reply Brief Re: Motion for the Trusts for Instructions Regarding (1) The Trusts' Audit Findings Regarding Mandelbrot and (2) The Trusts' Remedy

b. Further Designation of Deposition Testimony of Michael Dunning

c. Designation of Deposition Testimony of Whitney Lauren

d. Declaration of Laura Paul – Exhibits 179-1889[10]

e. Declaration of Benjamin P. Smith – Exhibits 189-20010[11]

f. Objections to Portions of the Trial Declaration of Michael Mandelbrot and Exhibit Y

**Defendant's Response**

**Objection:**

---

[9] Per Footnote 8 of the Plaintiffs' Proposed Findings of Fact and Conclusions of Law "[Adv. Docket Nos. 174-175]."

[10] Per Footnote 9 of the Plaintiffs' Proposed Findings of Fact and Conclusions of Law "On January 15, 2014, the Trusts filed an Errata to the Declaration of Laura Paul. [Adv. Docket No. 184]."

[11] Per Footnote 10 of the Plaintiffs' Proposed Findings of Fact and Conclusions of Law "On January 14, 2014 Mandelbrot filed Objections to Plaintiffs' Reply Evidence. [Adv. Docket No. 183]. The Court deemed Mandelbrot's objections waived pursuant to Local Bankruptcy Rule 9013-1(i)(2) for failure to cite to the specific Federal Rules of Evidence upon which they rely.  Thus, the Court overruled Mandelbrot's objections in their entirety."

DEFENDANT MICHAEL J. MANDELBROT, d.b.a., MANDELBROT LAW FIRM'S OBJECTIONS TO THE PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 29

The defense incorporates by reference as though fully set forth herein, General Objections 1 through 6, inclusive, set forth above.

Defendant had not completed presenting its evidence, nor had the defense had adequate representation of counsel in the presentations to the Court or in the examinations of witnesses.

Further, defendant timely rescinded this settlement agreement before all of the parties had approved its terms, including the Court, and the rescission is appropriate, as shall be set forth in a separate and soon to be filed motion to set aside the settlement agreement, on the grounds of illegality, fraud, duress, mutual mistake and unilateral mistake.

Last, the Court improperly overruled the defense objections to the Plaintiffs' evidence.

**Proposed Finding of Fact No. 15**

15. This Court also considered the live testimony of the following witnesses over the course of two days during the Trial:

a. Stephen Snyder

b. Hon. Charles Renfrew (Ret.)

c. Steve Sacks

d. Peter Moenter

e. Laura Paul

f. Sara Beth Morgan Brown

**Defendant's Response**

**Objection:**

The defense incorporates by reference as though fully set forth herein, General Objections 1 through 6, inclusive, set forth above.

DEFENDANT MICHAEL J. MANDELBROT, d.b.a., MANDELBROT LAW FIRM'S OBJECTIONS TO
THE PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 30

Defendant had not completed presenting its evidence, nor had the defense had adequate representation of counsel in the presentations to the Court or in the examinations of witnesses.

Further, defendant timely rescinded this settlement agreement before all of the parties had approved its terms, including the Court, and the rescission is appropriate, as shall be set forth in a separate and soon to be filed motion to set aside the settlement agreement, on the grounds of illegality, fraud, duress, mutual mistake and unilateral mistake.

**Proposed Finding of Fact No. 16**

During the course of the Trial, the Court admitted the following exhibits into evidence:

a. Trusts' Trial Exhibits 1; 2[12]; 3-200; 244-245

**Defendant's Response**

**Objection:**

Defendant had not completed presenting its evidence, nor had the defense had adequate representation of counsel in the presentations to the Court or in the examinations of witnesses.

Further, defendant timely rescinded this settlement agreement before all of the parties had approved its terms, including the Court, and the rescission is appropriate, as shall be set forth in a separate and soon to be filed motion to set aside the settlement agreement, on the grounds of illegality, fraud, duress, mutual mistake and unilateral mistake.

Last, the Court's admission of these Trial Exhibits in to evidence was in error.

**Proposed Finding of Fact No. 17**

---

[12] Per Footnote 11 of the Plaintiffs' Proposed Findings of Fact and Conclusions of Law "Plaintiff's Exhibit 2, the ARPC Report, was admitted at trial not for the truth of the matter asserted but for the fact that it was received by the Trusts and relied upon in initiating an audit under TDP Section 5.7(a) to investigated Mandelbrot."

DEFENDANT MICHAEL J. MANDELBROT, d.b.a., MANDELBROT LAW FIRM'S OBJECTIONS TO THE PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 31

17. At the trial held on January 21, 2014, and prior to Mandelbrot's withdrawal of

Mandelbrot's opposition, this Court issued the following tentative rulings ("Tentative Rulings"):

a. <u>Ruling on Legal Issues:</u>

Mandelbrot cannot claim that his "due process" rights have been
violated if the trust acted in accordance with the TDP.
Representatives of future and existing asbestos claimants were well
- represented in the plan negotiations and drafting that produced the
TDP. If any claimants believed that the trust procedures failed to
provide them with due process, they had the opportunity to raise
these objections during the course of the plan confirmation process.
The Court ultimately confirmed the plan and approved the related
trust procedures. All appeals related thereto have been resolved. The
plan is therefore enforceable in accordance with its terms, which
terms include the TDP. Thus, the only issue is whether the trusts
have acted in accordance with the TDP. Stated differently, the trusts
seek a finding that, in exercising rights under section 5.7(a) of the
TDP, their actions were reasonable and appropriate and not the result
of, or motivated by, bad faith or other improper motive or an abuse
of discretion. "Due process" does not impose any additional
requirements above and beyond those necessary to comply with the
procedures outlined in the TDP, regardless of the impact that this
may have on defendant's business, which apparently consists
entirely of submitting claims to asbestos trusts. Activities of the trust
cannot be described as government action subject to due process
requirements.

* * *

The trusts' investigation and audit continued over the course of an
extended period, throughout which there were numerous
communications between the parties as to the nature of the trusts'
concerns and the types of claims that the trusts considered the most
problematic. See, for example, Exhibit A to the First Amended
Complaint, which is a letter to Mandelbrot dated September 19, 2012
and refers to meetings and discussions that had already occurred
between the parties prior to that date.
Moreover, it is clear that the trusts are not required to arbitrate or
litigate any claim to determine its validity whenever factual issues
exist as to its validity. Section 5.7(a) of the TDP creates a procedure
designed to permit the trust to investigate/audit the reliability of
evidence submitted and the reliability of individuals and entities
participating in the submission of claims and to bar unreliable parties
from continuing to submit claims precisely so that the trusts are not
required to expend exorbitant amounts litigating or arbitrating the

DEFENDANT MICHAEL J. MANDELBROT, d.b.a., MANDELBROT LAW FIRM'S OBJECTIONS TO
THE PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 32

merits of unreliable claims. The question is merely whether the trusts were reasonable in invoking these procedures in the instant case. Court agrees with the trustees that it is appropriate, not only under applicable NV statutes, but under general trust law, for a trustee to apply to the court under whose auspices the trust was established for instructions and that the appropriate standard of review for the court to apply in instances in which the trustee is given the right to exercise its discretion is an abuse of discretion standard. (And the concept of an abuse of discretion includes taking action based on bias or improper motive or acting in bad faith. Such practices would be abuses of discretion.)

Exclude any evidence or argument intended to prove that plaintiffs breached a duty of care by failing to warn defendants about [John] Lynch's background or activities.

* * *

It seems that defendants are [c]ontending that, but for bias on plaintiffs' part, no investigation or audit of defendants' claims would have been commenced. None of the evidence offered by defendants has any tendency to suggest that such bias existed, but, even if defendants were able to establish that plaintiffs were motivated by bias in commencing the audit/investigation, hopefully, defendants recognize that, if the claims they have submitted are fraudulent or unreliable, the fact that plaintiffs might not have found out about defendants' submission of false claims in the absence of bias would not be a defense.

b. Rulings on Evidentiary Objections:

Trusts' Objections to Mandelbrot Trial Declaration:

Sustain objection to introduction of Exhibit Y. Defendant does not attest to the accuracy of the information contained in the exhibit and does not provide proper foundation to explain how he would have personal knowledge of the factual assertions contained in the document. Court agrees that it is not admissible as a summary under Rule 1006 or as expert testimony. There is also a best evidence rule problem with the document, in that Exhibit Y is replete with descriptions of the contents of documents that Mandelbrot claims confirm or corroborate the claimant's position. Having sustained the general objection and excluded Exhibit Y, Court need not reach specific objections to portions of Exhibit Y.

Defendants' Objection to Reply Declarations:

Pursuant to LBR 9013-1(i)(2), defendants' evidentiary objections are
deemed waived as they fail to cite the specific Federal Rules of
Evidence upon which they rely. Moreover, they are difficult to
follow and analyze, as they do not quote the allegedly objectionable
material. Overrule objections.

**Defendant's Response**

**Objection:**

The defense incorporates by reference as though fully set forth herein, General

Objections 1 through 6, inclusive, set forth above.

These tentative rulings were not final and defendant had not completed presenting its

evidence and argument as to these matters, nor had the defense had adequate representation of

counsel in the presentations to the Court on evidentiary matters.

Further, defendant timely rescinded this settlement agreement before all of the parties had

approved its terms, including the Court, and the rescission is appropriate, as shall be set forth in a

separate and soon to be filed motion to set aside the settlement agreement, on the grounds of

illegality, fraud, duress, mutual mistake and unilateral mistake.

Last, the Court's exclusion of the defense evidence and the admission of the Plaintiffs'

Trial Exhibits in to evidence was in error.

**Proposed Finding of Fact No. 18**

18. On January 21, 2014, the Court heard oral argument from the Parties regarding the

Court's Tentative Ruling.

**Defendant's Response**

**Objection:**

DEFENDANT MICHAEL J. MANDELBROT, d.b.a., MANDELBROT LAW FIRM'S OBJECTIONS TO
THE PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 34

The defense incorporates by reference as though fully set forth herein, General Objections 1 through 6, inclusive, set forth above.

These tentative rulings were not final and defendant had not completed presenting its evidence and argument as to these matters, nor had the defense had adequate representation of counsel in the presentations to the Court on evidentiary matters.

Further, defendant timely rescinded this settlement agreement before all of the parties had approved its terms, including the Court, and the rescission is appropriate, as shall be set forth in a separate and soon to be filed motion to set aside the settlement agreement, on the grounds of illegality, fraud, duress, mutual mistake and unilateral mistake.

Last, the Court's exclusion of the defense evidence and the admission of the Plaintiffs' Trial Exhibits in to evidence was in error.

## II.    [PROPOSED] CONCLUSIONS OF LAW

The Court concludes, and the Trustees of the Trusts are instructed that:

### Proposed Conclusion of Law No. 1

1. The Court has jurisdiction over these proceeding under 28 U.S.C. §§ 157(a) and 1334, and pursuant to the J.T. Thorpe Confirmation Order and the Thorpe Insulation Confirmation Order.

### Defendant's Response

### Objection:

The defense incorporates by reference as though fully set forth herein, General Objections 1 through 6, inclusive, set forth above.

The Western Trust and the Plant Trust are not litigants in these proceedings.

DEFENDANT MICHAEL J. MANDELBROT, d.b.a., MANDELBROT LAW FIRM'S OBJECTIONS TO
THE PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 35

Further, the Sec. 524(g) re-organization plan for the Plant Trust is not before this Court, it has not even yet been approved by Judge Carlson, the federal judge that actually has jurisdiction over the Plant Trust, so it would be premature, unlawful, improvident and an abuse of discretion for this Court to enter any Findings of Fact, Conclusions of Law, Orders and Judgment, concerning the Plant Trust.

Further still, the Western Trust was the subject of litigation in where the Judge Carlson dismissed the case because that Court, unlike this, saw no justiciable controversy; by agreement before the Hon. Thomas E. Carlson, each side bore their own fees and costs, because there was no case or controversy. (See Exhibit B, dismissal). Accordingly, it would similarly be unlawful, improvident and an abuse of this Court's discretion for this Court to enter any Findings of Fact, Conclusions of Law, Orders and Judgment, concerning the Western Trust. Because Judge Carlson's order was earlier in time, should this Court find that there is jurisdiction over the Western Trust, the parties are collaterally estopped from pursuing their claims here.

**Proposed Conclusion of Law No. 2**

2. This Court has jurisdiction to conclude and hereby concludes that Mandelbrot and the J.T. Thorpe Trust, the Thorpe Insulation Trust, the Western Trust and the Plant Trust entered into a stipulation and agreement on the record in open court during trial on January 23, 2014 as set forth in the above findings of fact (the "Agreement") which the Court approved in the concurrently entered order.

**Defendant's Response**

**Objection:**

The defense incorporates by reference as though fully set forth herein, General Objections 1 through 6, inclusive, set forth above.

DEFENDANT MICHAEL J. MANDELBROT, d.b.a., MANDELBROT LAW FIRM'S OBJECTIONS TO
THE PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 36

Defendant had not completed presenting its evidence, nor had the defense had adequate representation of counsel in the legal presentations to the Court or in the examinations of witnesses.

Further, defendant timely rescinded this settlement agreement before all of the parties had approved its terms, including the Court, and the rescission is appropriate, as shall be set forth in a separate and soon to be filed motion to set aside the settlement agreement, on the grounds of illegality, fraud, duress, mutual mistake and unilateral mistake.

Moreover, the Western Trust and the Plant Trust are not litigants in these proceedings.

The Sec. 524(g) re-organization plan for the Plant Trust is not before this Court, it has not even yet been approved by Judge Carlson, the federal judge that actually has jurisdiction over the Plant Trust, so it would be premature, unlawful, improvident and an abuse of discretion for this Court to enter any Findings of Fact, Conclusions of Law, Orders and Judgment, concerning the Plant Trust.

Further still, the Western Trust was the subject of litigation in where the Judge Carlson dismissed the case because that Court, unlike this, saw no justiciable controversy; by agreement before the Hon. Thomas E. Carlson, each side bore their own fees and costs, because there was no case or controversy. (See Exhibit B, dismissal). Accordingly, it would similarly be unlawful, improvident and an abuse of this Court's discretion for this Court to enter any Findings of Fact, Conclusions of Law, Orders and Judgment, concerning the Western Trust. Because Judge Carlson's order was earlier in time, should this Court find that there is jurisdiction over the Western Trust, the parties are collaterally estopped from pursuing their claims here.

**Proposed Conclusion of Law No. 3**

3. This Court has jurisdiction to issue the orders included herein with respect to the Western Trust and the Plant Trust based upon the Agreement, provided however, any enforcement of the Agreement with respect to the Western Trust and the Plant Trust shall be brought before the supervising bankruptcy courts of those trusts.

**Defendant's Response**

**Objection:**

The defense incorporates by reference as though fully set forth herein, General Objections 1 through 6, inclusive, set forth above.

Defendant had not completed presenting its evidence, nor had the defense had adequate representation of counsel in the legal presentations to the Court or in the examinations of witnesses.

Further, defendant timely rescinded this settlement agreement before all of the parties had approved its terms, including the Court, and the rescission is appropriate, as shall be set forth in a separate and soon to be filed motion to set aside the settlement agreement, on the grounds of illegality, fraud, duress, mutual mistake and unilateral mistake.

Moreover, the Western Trust and the Plant Trust are not litigants in these proceedings.

The Sec. 524(g) re-organization plan for the Plant Trust is not before this Court, it has not even yet been approved by Judge Carlson, the federal judge that actually has jurisdiction over the Plant Trust, so it would be premature, unlawful, improvident and an abuse of discretion for this Court to enter any Findings of Fact, Conclusions of Law, Orders and Judgment, concerning the Plant Trust.

Further still, the Western Trust was the subject of litigation in where the Judge Carlson dismissed the case because that Court, unlike this, saw no justiciable controversy; by agreement

before the Hon. Thomas E. Carlson, each side bore their own fees and costs, because there was

no case or controversy.  (See Exhibit B, dismissal).  Accordingly, it would similarly be unlawful,

improvident and an abuse of this Court's discretion for this Court to enter any Findings of Fact,

Conclusions of Law, Orders and Judgment, concerning the Western Trust.  Because Judge

Carlson's order was earlier in time, should this Court find that there is jurisdiction over the

Western Trust, the parties are collaterally estopped from pursuing their claims here.

### Proposed Conclusion of Law No. 4

4. The activities of the Trusts cannot be described as government action subject to due

process requirements.  Thus, Mandelbrot cannot claim that his "due process" rights have been

violated if the trusts acted in accordance with their Trust Distribution Procedures.  The

appropriate standard of review for the Court to apply here where the trustees are given the right

to exercise their discretion is an abuse of discretion standard.

### Defendant's Response

**Objection:**

The defense incorporates by reference as though fully set forth herein, General

Objections 1 through 6, inclusive, set forth above.

Defendant had not completed presenting its evidence, nor had the defense had adequate

representation of counsel in the legal presentations to the Court or in the examinations of

witnesses.

Further, defendant timely rescinded this settlement agreement before all of the parties had

approved its terms, including the Court, and the rescission is appropriate, as shall be set forth in a

separate and soon to be filed motion to set aside the settlement agreement, on the grounds of

illegality, fraud, duress, mutual mistake and unilateral mistake.

DEFENDANT MICHAEL J. MANDELBROT, d.b.a., MANDELBROT LAW FIRM'S OBJECTIONS TO
THE PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 39

Moreover, the Western Trust and the Plant Trust are not litigants in these proceedings.

The Sec. 524(g) re-organization plan for the Plant Trust is not before this Court, it has not even yet been approved by Judge Carlson, the federal judge that actually has jurisdiction over the Plant Trust, so it would be premature, unlawful, improvident and an abuse of discretion for this Court to enter any Findings of Fact, Conclusions of Law, Orders and Judgment, concerning the Plant Trust.

Further still, the Western Trust was the subject of litigation in where the Judge Carlson dismissed the case because that Court, unlike this, saw no justiciable controversy; by agreement before the Hon. Thomas E. Carlson, each side bore their own fees and costs, because there was no case or controversy. (See Exhibit B, dismissal). Accordingly, it would similarly be unlawful, improvident and an abuse of this Court's discretion for this Court to enter any Findings of Fact, Conclusions of Law, Orders and Judgment, concerning the Western Trust. Because Judge Carlson's order was earlier in time, should this Court find that there is jurisdiction over the Western Trust, the parties are collaterally estopped from pursuing their claims here.

**Proposed Conclusion of Law No. 5**

5. Applying the foregoing standard of review and based upon the evidence presented, the above findings of fact and, as described herein, the Agreement, the Court reaches the following conclusions of law set forth in paragraphs 6 through 11 below.

**Defendant's Response**

**Objection:**

The defense incorporates by reference as though fully set forth herein, General Objections 1 through 6, inclusive, set forth above.

Defendant had not completed presenting its evidence, nor had the defense had adequate representation of counsel in the legal presentations to the Court or in the examinations of witnesses.

Further, defendant timely rescinded this settlement agreement before all of the parties had approved its terms, including the Court, and the rescission is appropriate, as shall be set forth in a separate and soon to be filed motion to set aside the settlement agreement, on the grounds of illegality, fraud, duress, mutual mistake and unilateral mistake.

Moreover, the Western Trust and the Plant Trust are not litigants in these proceedings.

The Sec. 524(g) re-organization plan for the Plant Trust is not before this Court, it has not even yet been approved by Judge Carlson, the federal judge that actually has jurisdiction over the Plant Trust, so it would be premature, unlawful, improvident and an abuse of discretion for this Court to enter any Findings of Fact, Conclusions of Law, Orders and Judgment, concerning the Plant Trust.

Further still, the Western Trust was the subject of litigation in where the Judge Carlson dismissed the case because that Court, unlike this, saw no justiciable controversy; by agreement before the Hon. Thomas E. Carlson, each side bore their own fees and costs, because there was no case or controversy.  (See Exhibit B, dismissal).  Accordingly, it would similarly be unlawful, improvident and an abuse of this Court's discretion for this Court to enter any Findings of Fact, Conclusions of Law, Orders and Judgment, concerning the Western Trust.  Because Judge Carlson's order was earlier in time, should this Court find that there is jurisdiction over the Western Trust, the parties are collaterally estopped from pursuing their claims here.

**Proposed Conclusion of Law No. 6**

6. The Court has jurisdiction to order and it is appropriate to order the following:

DEFENDANT MICHAEL J. MANDELBROT, d.b.a., MANDELBROT LAW FIRM'S OBJECTIONS TO THE PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 41

a. Mandelbrot is permanently barred, effective immediately, from filing new

claims with the J.T. Thorpe Trust, the Thorpe Insulation Trust, the Plant

Trust and the Western Trust.

b. Effective immediately, Mandelbrot shall cease all activity with respect to

claims ("Pending Claims") for the J.T. Thorpe Trust, the Thorpe Insulation

Trust, and the Western Trust and shall transfer each Pending Claim to an

attorney who will take responsibility as if he or she were the attorney that

originally filed the Pending Claim. Any document submitted to the any of

these trusts with respect to Pending Claims that bears Mandelbrot's

signature shall not be considered valid by the any of the trusts. The new

attorney must substitute in full for Mandelbrot and Mandelbrot cannot serve

as co-counsel of record with respect to Pending Claims. All Pending Claims

shall be withdrawn and refiled by the new attorney, but no additional filing

fee will be assessed and the original date of filing will be preserved.

Effective immediately, Mandelbrot shall not receive any payments from any

of these trusts for any reason. The trusts will pay submitted claims that have

valid releases bearing a post-mark of prior to and including January 23,

2014.

c. For all claims resolved prior to the date of this Order for which Mandelbrot

has represented claimants with the J.T. Thorpe Trust, the Thorpe Insulation

Trust, and the Western Trust, those claims will also be transferred to a new

attorney and Mandelbrot shall not be counsel of record nor serve as cocounsel

of record with respect to such claims. For example, Mandelbrot

shall have no standing to challenge the fiduciary decisions or conduct of

those trusts, with respect to any rights of those claimants to future payments

for the J.T. Thorpe Trust, the Thorpe Insulation Trust and the Western Trust,

such as decisions whether or not to change the payment percentage or funds

received ratio.

**Defendant's Response**

**Objection:**

The defense incorporates by reference as though fully set forth herein, General

Objections 1 through 6, inclusive, set forth above.

Defendant had not completed presenting its evidence, nor had the defense had adequate

representation of counsel in the legal presentations to the Court or in the examinations of

witnesses.

Further, defendant timely rescinded this settlement agreement before all of the parties had

approved its terms, including the Court, and the rescission is appropriate, as shall be set forth in a

separate and soon to be filed motion to set aside the settlement agreement, on the grounds of

illegality, fraud, duress, mutual mistake and unilateral mistake.

Moreover, the Western Trust and the Plant Trust are not litigants in these proceedings.

The Sec. 524(g) re-organization plan for the Plant Trust is not before this Court, it has not

even yet been approved by Judge Carlson, the federal judge that actually has jurisdiction over the

Plant Trust, so it would be premature, unlawful, improvident and an abuse of discretion for this

Court to enter any Findings of Fact, Conclusions of Law, Orders and Judgment, concerning the

Plant Trust.

DEFENDANT MICHAEL J. MANDELBROT, d.b.a., MANDELBROT LAW FIRM'S OBJECTIONS TO
THE PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 43

1    Further still, the Western Trust was the subject of litigation in where the Judge Carlson

2    dismissed the case because that Court, unlike this, saw no justiciable controversy; by agreement

3    before the Hon. Thomas E. Carlson, each side bore their own fees and costs, because there was

4    no case or controversy. (See Exhibit B, dismissal).  Accordingly, it would similarly be unlawful,

5    improvident and an abuse of this Court's discretion for this Court to enter any Findings of Fact,

6    Conclusions of Law, Orders and Judgment, concerning the Western Trust.  Because Judge

7    Carlson's order was earlier in time, should this Court find that there is jurisdiction over the

8    Western Trust, the parties are collaterally estopped from pursuing their claims here.

9    **Proposed Conclusion of Law No. 7**

10    7. The Court has jurisdiction to conclude, it is appropriate to conclude and the Court

11    concludes the following:

12        a. the J.T. Thorpe Trust's, the Thorpe Insulation Trust's, the Western Trust's

13        determinations stated in the May 24th letter, including the trusts'

14        determinations that Mandelbrot the person and the entity are unreliable, and

15        have engaged in a pattern and practice of filing unreliable evidence in

16        support of claims filed with the J.T. Thorpe Trust and the Thorpe Insulation

17        Trust, are reasonable in light of the evidence assessed in connection with the

18        audit.

19        b. Mandelbrot's Opposition to the Motion for Instructions has been withdrawn

20        and Mandelbrot has joined the Trusts' Motion for Instructions.

21        c. With respect to the J.T. Thorpe Trust, the Thorpe Insulation Trust and the

22        Western Trust, the conduct of all trust fiduciaries, trust staff, counsel for the

23        fiduciaries and staff, and counsel for the trusts, and the three trusts

DEFENDANT MICHAEL J. MANDELBROT, d.b.a., MANDELBROT LAW FIRM'S OBJECTIONS TO
THE PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 44

themselves, in initiating, conducting and concluding the joint investigation

and adversary proceeding, was in every respect, reasonable, not an abuse of

discretion, and was authorized and appropriate.

d. The remedy imposed by the J.T. Thorpe Trust and the Thorpe Insulation

Trust in the May 24th letter – the disallowance of all further evidentiary

submissions by Mandelbrot – is authorized under the Trust Distribution

Procedures of each trust and found reasonable in light of the trusts' audit

and investigative findings.

e. The J.T. Thorpe Trust's, the Thorpe Insulation Trust's and the Western

Trust's joint investigation of Mandelbrot and the determinations and the

remedy imposed on Mandelbrot were reasonable and not based upon

improper interpretation of the terms of the three trusts' governing

documents, including the Trust Distribution Procedures and that the three

trusts' joint investigation of Mandelbrot and the determinations and the

remedy imposed on Mandelbrot were and are consistent with the trusts'

fiduciary duties, conducted pursuant to a valid trust purpose, not done in bad

faith, and not an abuse of discretion.

**Defendant's Response**

**Objection:**

The defense incorporates by reference as though fully set forth herein, General

Objections 1 through 6, inclusive, set forth above.

This is a void contract provision, under California law:

DEFENDANT MICHAEL J. MANDELBROT, d.b.a., MANDELBROT LAW FIRM'S OBJECTIONS TO
THE PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 45

California Business and Professions Code section 16600 provides that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

Moreover, the Western Trust and the Plant Trust are not litigants in these proceedings.

The Sec. 524(g) re-organization plan for the Plant Trust is not before this Court, it has not even yet been approved by Judge Carlson, the federal judge that actually has jurisdiction over the Plant Trust, so it would be premature, unlawful, improvident and an abuse of discretion for this Court to enter any Findings of Fact, Conclusions of Law, Orders and Judgment, concerning the Plant Trust.

Further still, the Western Trust was the subject of litigation in where the Judge Carlson dismissed the case because that Court, unlike this, saw no justiciable controversy; by agreement before the Hon. Thomas E. Carlson, each side bore their own fees and costs, because there was no case or controversy. (See Exhibit B, dismissal). Accordingly, it would similarly be unlawful, improvident and an abuse of this Court's discretion for this Court to enter any Findings of Fact, Conclusions of Law, Orders and Judgment, concerning the Western Trust. Because Judge Carlson's order was earlier in time, should this Court find that there is jurisdiction over the Western Trust, the parties are collaterally estopped from pursuing their claims here.

**Proposed Conclusion of Law No. 8**

8. The court has jurisdiction to order and it is appropriate to order the following:

a. If the J.T. Thorpe Trust and the Thorpe Insulation Trust have not received a notice of substitution of counsel by July 23, 2014, for any claim submitted by Mandelbrot, then the J.T. Thorpe Trust, and the Thorpe Insulation Trust are authorized by this Court to deem those claims withdrawn without any

further approval of this Court. Mandelbrot agreed in the Agreement that the

Western Trust may also deem as withdrawn those claims filed by

Mandelbrot for which the Western Trust has not received a notice of

substitution of counsel by July 23, 2014. Mandelbrot has agreed to and

shall use best efforts to notify all claimants he represents that substitutions

of counsel must be filed with the J.T. Thorpe Trust, and the Thorpe

Insulation Trust, and the Western Trust, respectively. By June 23, 2014,

Mandelbrot shall provide the last known contact information for any

claimant which has not yet submitted a notice of substitution of counsel to

these three trusts.

b. If Mandelbrot violates any of terms set forth herein, the J.T. Thorpe Trust

and the Thorpe Insulation Trust shall have the right to bring such violations

to the attention of this Court. The Agreement provides that the Western

Trust and the Plant Trust shall have the right to bring such violations to the

attention of their supervising bankruptcy courts.

**Defendant's Response**

**Objection:**

The defense incorporates by reference as though fully set forth herein, General

Objections 1 through 6, inclusive, set forth above.

This is a void contract provision, under California law:

California Business and Professions Code section 16600 provides that "every contract by

which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is

to that extent void."

1    Moreover, the Western Trust and the Plant Trust are not litigants in these proceedings.

2    The Sec. 524(g) re-organization plan for the Plant Trust is not before this Court, it has not

3    even yet been approved by the federal judge that actually has jurisdiction over the Plant Trust, so

4

5    it would be premature, unlawful, improvident and an abuse of discretion for this Court to enter

6    any Findings of Fact, Conclusions of Law, Orders and Judgment, concerning the Plant Trust.

7    Further still, the Western Trust was the subject of litigation in where the Judge Carlson

8    dismissed the case because that Court, unlike this, saw no justiciable controversy; by agreement

9

10   before the Hon. Thomas E. Carlson, each side bore their own fees and costs, because there was

11   no case or controversy.  (See Exhibit B, dismissal).  Accordingly, it would similarly be unlawful,

12   improvident and an abuse of this Court's discretion for this Court to enter any Findings of Fact,

13   Conclusions of Law, Orders and Judgment, concerning the Western Trust.  Because Judge

14   Carlson's order was earlier in time, should this Court find that there is jurisdiction over the

15   Western Trust, the parties are collaterally estopped from pursuing their claims here.

16

17   **Proposed Conclusion of Law No. 9**

18   9. This Court concludes that the *Barton* doctrine applies to any disputes between

19   Mandelbrot, on the one hand, and any of the trust fiduciaries for the J.T. Thorpe Trust and the

20   Thorpe Insulation Trust, on the other hand, and therefore this Court has exclusive jurisdiction

21   over any and all such disputes. This Court also concludes that the Agreement provides that the

22   *Barton* doctrine applies to any disputes between Mandelbrot, on the one hand, and any of the

23   trust fiduciaries for the Western Trust, and the Plant Trust, on the other hand, and therefore the

24   supervising United States Bankruptcy Court that appointed those trust's fiduciaries has exclusive

25   jurisdiction over any and all such disputes.

26

27   **Defendant's Response**

28

DEFENDANT MICHAEL J. MANDELBROT, d.b.a., MANDELBROT LAW FIRM'S OBJECTIONS TO
THE PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 48

**Objection:**

The defense incorporates by reference as though fully set forth herein, General Objections 1 through 6, inclusive, set forth above.

Defendant timely rescinded this settlement agreement before all of the parties had approved its terms, including the Court, and the rescission is appropriate, as shall be set forth in a separate and soon to be filed motion to set aside the settlement agreement, on the grounds of illegality, fraud, duress, mutual mistake and unilateral mistake.

Moreover, if this Court finds that it actually has jurisdiction over the Western Trust, for some reason, and that the issues and parties are the same as in the case before this Court, then the ruling that is earlier in time by Judge Carlson is outcome determinative in favor of the defense under the doctrine of collateral estoppel. See Exhibit A, esp. at pps. 11:17-19, 15:24-16:23; 67:16-23.

Last, the *Barton* doctrine, to the extent it applies at all to the Western Trust or the Plant Trust, dictates that Judge Carlson have jurisdiction over the matter, and not this Court.

Dated this _12_ of February, 2014

_M. Mandel_
Michael J. Mandelbrot, Defendant and
Attorney at Law

DEFENDANT MICHAEL J. MANDELBROT, d.b.a., MANDELBROT LAW FIRM'S OBJECTIONS TO
THE PLAINTIFFS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 49